Argued and submitted December 11, 1995, judgment vacated; remanded to trial court for further proceedings March 6, 1996

FOURTH AVENUE CORPORATION,
an Oregon corporation,
*Appellant,*

*v.*

L.P. BUSCH, INC.,
an Oregon corporation,
Eldon N. Cain, Ronald Cain
and Thomas M. Cain,
*Defendants.*

L.P. BUSCH, INC.,
an Oregon corporation,
Eldon N. Cain, Ronald Cain
and Thomas M. Cain,
*Third-Party Plaintiffs,*

*v.*

AMERICAN ECONOMY INSURANCE COMPANY
and Exxon Corporation,
*Third-Party Defendants.*

EXXON CORPORATION,
*Counterclaim-Plaintiff-Respondent,*

*v.*

L.P. BUSCH, INC.,
an Oregon corporation,
Eldon N. Cain, Ronald Cain
and Thomas M. Cain,
*Counterclaim-Defendant,*

*and*

FOURTH AVENUE CORPORATION,
an Oregon corporation,
*Counterclaim-Defendant-Appellant.*

(C93-0223 CV; CA A87195)

912 P2d 416

Thomas P. Walsh argued the cause for appellant. With him on the briefs was Shannon, Johnson & Bailey, P.C.

Todd W. Miller argued the cause for respondent. On the brief were Rachel A. Yates and Holland & Hart.

Before Landau, Presiding Judge, and Leeson, Judge, and Buttler, Senior Judge.*

BUTTLER, S. J.

---

* Buttler, S. J., *vice* Riggs, P. J.

.

## BUTTLER, S. J.

Fourth Avenue Corporation[1] leased real property to Exxon in 1960 for the operation of a service station. When the lease terminated in 1980, Exxon sold all of the equipment at the service station, including the underground storage tank system, to Fourth Avenue. The Bill of Sale agreement provided:

> "Purchaser by the acceptance of this bill of sale releases, indemnifies and agrees to save harmless seller from and against any and all claims and liability, causes of action at law or in equity, whether founded in contract, negligence or strict liability, for loss, damage or injury (including death) to persons and property * * * howsoever and from whatsoever cause or source arising or occurring, whether from the acquisition or use of said equipment and improvements, if any, or otherwise, with the exception, however, of the aforesaid warranty of title to purchaser."

Fourth Avenue then leased the property to defendant L.P. Busch, Inc. (Busch), which operated a service station on the property for over ten years. During Busch's first year of operations, several thousand gallons of gasoline were released into the ground at or near the property, and there were other releases during the lease term, which ended in 1990. At that time, Fourth Avenue filed this action against Busch.

Busch then filed a third party claim against Exxon for damages resulting from the contamination, alleging negligence and statutory liability under ORS 465.255,[2] and

---

[1] Fourth Avenue is now known as REC Resolution Corporation.

[2] ORS 465.255 provides in part:

"(1) The following persons shall be strictly liable for those remedial action costs incurred by the state or any other person that are attributable to or associated with a facility and for damages for injury to or destruction of any natural resources caused by a release:

"(a) Any owner or operator at or during the time of the acts or omissions that resulted in the release.

"(b) Any owner or operator who became the owner or operator after the time of the acts or omissions that resulted in the release, and who knew or reasonably should have known of the release when the person first became the owner or operator.

"(c) Any owner or operator who obtained actual knowledge of the release at the facility during the time the person was the owner or operator of the

also sued American Economy Insurance Company, one of Busch's insurers. Exxon demanded that Fourth Avenue defend and indemnify it against the claims of Busch pursuant to the provisions of the Bill of Sale. Although Fourth Avenue ultimately agreed to defend some of the claims against Exxon, it did not agree to defend the claim that Exxon was liable for gas spills caused by it during deliveries from 1960 to 1980. Exxon rejected the partial acceptance of tender and retained counsel to defend against the claims asserted by Busch. It also filed crossclaims against Fourth Avenue and American Economy to assure that liability would be apportioned among all responsible parties. ORS 465.255. Those parties, in turn, filed similar crossclaims against Exxon.

■    Exxon also filed a counterclaim against Fourth Avenue for indemnification pursuant to the terms of the Bill of Sale, and Fourth Avenue filed a counterclaim against Exxon. On Exxon's motion for summary judgment, the trial court ruled that Fourth Avenue must indemnify and hold Exxon harmless from any and all claims arising out of the use of the equipment covered by the Bill of Sale, including use of that equipment before and after the date of the Bill of Sale, Fourth Avenue's acquisition of the equipment, or any other cause or source related to the equipment.[3] It left open the question whether Fourth Avenue must indemnify Exxon for its costs and attorney fees in asserting its right to indemnity, and also the amount for which Fourth Avenue was liable, until a hearing set for September 26, 1994. That hearing resulted in the judgment from which this appeal is taken.[4]

---

facility and then subsequently transferred ownership or operation of the facility to another person without disclosing such knowledge.

"(d) Any person who, by any acts or omissions, caused, contributed to or exacerbated the release, unless the acts or omissions were in material compliance with applicable laws, standards, regulations, licenses or permits."

[3] The order also exonerated Exxon from liability. As a result, the remaining parties settled the case.

[4] Exxon argues that, because Fourth Avenue did not appeal from the order on summary judgment, the court's decision that Fourth Avenue must indemnify and hold harmless Exxon for claims arising out of the use of the service station equipment and the scope of that indemnity are final and nonappealable. Exxon is wrong: that order was not appealable. ORCP 67 B; ORS 19.010.

■      On September 6, 1994, Busch, which had assumed Fourth Avenue's obligations to Exxon, filed a motion pursuant to ORCP 62 A[5] for special findings of fact and conclusions of law following the hearing on September 26. Exxon filed a motion requesting $82,832.92 for attorney fees and $41,425.34 for costs "pursuant to indemnification agreement." On November 1, 1994, the court wrote a short letter to counsel stating that it found that Exxon was entitled to attorney fees in the sum of $70,000 and costs in the sum of $40,000 and requesting counsel for Exxon to submit a proposed judgment. That letter was not filed. Exxon's counsel submitted its proposed judgment, to which Busch objected and reminded the court that it had requested special findings and conclusions. Notwithstanding Busch's objections and reminder, the court signed and entered the judgment without having made special findings of fact and conclusions of law as required by ORCP 62 A.

ORCP 62 A is, by its terms, mandatory when it is invoked, as it was here. At least one of its purposes is to facilitate appellate review. *See Sunnyside Neighborhood v. Clackamas Co. Comm.*, 280 Or 3, 21-22, 569 P2d 1063 (1977). Here, one of the primary issues is the meaning and scope of the indemnity agreement between Exxon and Fourth Avenue, which, in this case, is complicated by Exxon's contention that it is entitled to be indemnified not only for attorney fees and expenses incurred in defending claims against it, *St. Paul Fire & Marine v. Crosetti Bros.*, 256 Or 576, 579, 475 P2d 69 (1970), but also for fees and expenses it incurred in asserting contribution claims against others and for those incurred in asserting its right to indemnification against Fourth Avenue under the indemnity agreement.

Although the trial court's letter did not specify for which of Exxon's claims it was awarding fees and expenses, the judgment prepared by Exxon and signed by the court

---

[5] ORCP 62 A provides:

"Whenever any party appearing in a civil action tried by the court so demands prior to the commencement of the trial, the court shall make special findings of fact, and shall state separately its conclusions of law thereon. In the absence of such a demand for special findings, the court may make either general or special findings. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact or conclusions of law appear therein."

includes Exxon's "costs" and attorney fees incurred by it in its defense of the action and also those incurred by it in enforcing the indemnification agreement. The trial court apparently did not include attorney fees and expenses incurred by Exxon in asserting contribution claims against others or in defending similar claims against it. However, the attorney fees and expenses claimed by Exxon were not segregated as to which claims they related. Before undertaking to decide the myriad questions of law and fact involved in this appeal, we need to have the trial court's conclusions of law and findings of fact, as required by ORCP 62 A.

Judgment vacated; remanded to trial court for further proceedings consistent with this opinion.