Argued and submitted October 5, general and supplemental judgments vacated and remanded November 3, 2021

WILMINGTON SAVINGS FUND SOCIETY, FSB,
dba Christiana Trust, not individually but as
Trustee for Pretium Mortgage Acquisition Trust,
*Plaintiff-Appellant,*

*v.*

Lisa CARRIGAN,
J. Lauren Schickling, and D. Jack Schickling,
*Defendants-Respondents.*

Lane County Circuit Court
17CV39784; A173962

501 P3d 1139

R. Curtis Conover, Judge.

Katie Jo Johnson argued the cause for appellant. Also on the briefs were Tyler J. Bellis and McEwen Gisvold LLP.

Russell L. Baldwin argued the cause and filed the brief for respondents Lisa Carrigan and J. Lauren Schickling.

Before DeVore, Presiding Judge, and Egan, Chief Judge, and DeHoog, Judge.

PER CURIAM

General and supplemental judgments vacated and remanded.

**PER CURIAM**

Plaintiff Wilmington Savings Fund Society, FSB (Wilmington) appeals from a judgment, entered after a trial to the court, dismissing its claims for reformation and declaratory relief and from two supplemental judgments awarding attorney fees. Wilmington requests *de novo* review, assigns error to the trial court's failure to comply with ORCP 62 as to findings of fact and conclusions of law, and assigns error to denial of the claims for reformation and declaratory relief. We decline to undertake *de novo* review because the case does not present extraordinary circumstances. *See* ORAP 5.40(8) (*de novo* review); *Southard and Larkins*, 275 Or App 538, 544, 365 P3d 1089 (2015) (explaining standard). We agree that the trial court failed to make sufficient findings of fact and conclusions of law, and, for that reason, we do not reach the merits of the reformation claim and the declaratory relief claims asserting a prescriptive easement. We reject defendants' cross-assignment of error without discussion. We vacate the general and supplemental judgments and remand for further proceedings consistent with this opinion.

A complete statement of facts or issues presented would not benefit the bench, bar, or public. It suffices to summarize the current situation without history. Wilmington is a successor creditor as beneficiary of a deed of trust. The dispute involves two adjacent parcels of land; Wilmington's deed of trust is secured by Parcel I. A portion of the residence on Parcel I encroaches on Parcel II. Defendants Jack Schickling and Lauren Schickling jointly own or owned Parcel I.[1] Defendant Lisa Carrigan owns Parcel II. Wilmington brought two claims for declaratory relief against defendants seeking declaration of an implied easement over disputed property. Wilmington's third claim sought reformation of the trust deed to include disputed property.

Wilmington and defendants duly requested that the trial court make findings of fact and conclusions of law

---

[1] The record is not clear whether Jack Schickling retains an interest in the property.

pursuant to ORCP 62.[2] At the conclusion of trial, the court gave oral rulings that rejected Wilmington's claims and invited the parties to provide proposed special findings of fact and conclusions of law. The parties provided quite different, yet complete, sets of findings of fact and conclusions of law.[3] Wilmington objected that defendants' proposed findings and conclusions did not comply with ORCP 62 because it did not include findings. The court entered an "Order (With Findings and Conclusions)" in which the order denied reformation because, in light of a cited case, the "three part test there was [not] met by clear and convincing evidence" and denied declaratory relief "because the elements for implied easement have not been met."

In relevant part, ORCP 62 A provides:

"Whenever any party appearing in a civil action tried by the court so demands prior to the commencement of the trial, the court shall make special findings of fact, and shall state separately its conclusions of law thereon."

When it is invoked, "ORCP 62 A is, by its terms, mandatory." *Fourth Avenue Corp. v. L. P. Busch, Inc.*, 139 Or App 491, 496, 912 P2d 416 (1996). One of its purposes is to facilitate appellate review. *Id.* Here, the trial court made no special findings of fact and made no legal conclusions about particular elements of reformation or implied easement. The court made only general conclusions rejecting the respective claims. As we have said before,

"[b]efore undertaking to decide the myriad questions of law and fact involved in this appeal, we need to have the trial court's conclusions of law and findings of fact, as required by ORCP 62 A."

*Id.* at 497. Here, the trial court's findings and conclusions are insufficient for us to review the merits of the claimed error as to the declaratory and reformation claims, and, accordingly, we vacate the general judgment and remand for the trial court to make those findings and conclusions.

---

[2] An order of default was entered against defendant Jack Schickling. Consequently, "defendants" refers to the remaining two defendants.

[3] Although defendants prevailed at trial, their proposed findings and conclusions, addressing different issues, did not comport with the court's oral ruling or its subsequent order containing general conclusions.

The attorney fee awards in the supplemental judgment and second supplemental judgment relate to the general judgment, which we have vacated; as a result, we vacate and remand those supplemental judgments. *See State ex rel Willamette Cmty. Hlth. Sols. v. Lane Cty.*, 274 Or App 545, 554, 361 P3d 613 (2015) (vacating supplemental judgment awarding attorney fees when related general judgment was vacated).

General and supplemental judgments vacated and remanded.