Argued and submitted April 9, affirmed July 9, 2003

# DEAD INDIAN MEMORIAL ROAD NEIGHBORS,
Ken Ogden, Jamie Paiken,
Margaret Saydah, and Dorothy Mitchell,
*Respondents,*

*v.*

# JACKSON COUNTY,
*Petitioner,*

*and*

## Joseph DAUENHAUER,
*Intervenor-Respondent.*

2002-089; A120692

72 P3d 648

Steven R. Rinkle, Senior Assistant County Counsel, argued the cause for petitioner. With him on the brief was Jackson County Counsel.

Christian E. Hearn and Davis, Gilstrap, Hearn, Saladoff & Smith filed the brief for respondents.

Allan E. Eraut argued the cause for intervenor-respondent. With him on the brief were Thomas F. Armosino and Frohnmayer, Deatherage, Pratt, Jamieson, Clarke & Moore, P.C.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DEITS, C. J.

## DEITS, C. J.

Petitioner on review, Jackson County (county), seeks review of a final opinion and order of the Land Use Board of Appeals (LUBA) remanding the county's decision in this case. Jackson County raises issues concerning LUBA's denial of its motion to dismiss the appeal to LUBA brought by the Dead Indian Memorial Road Neighbors organization (DIMRN) and a number of individual neighbors. Specifically, the county argues that LUBA lacked jurisdiction both because respondent neighbors' appeal to LUBA was untimely[1] and because they failed to exhaust their administrative remedies.[2] We affirm the board's decision.

The procedural history and the basic facts in this controversy are not in dispute. We take them from LUBA's opinion and the record before LUBA. On April 30, 2002, the county administratively approved a permit to operate a quarry and other associated processing activities on portions of a 2,874-acre parcel. The approval was a "tentative departmental approval" under section 285.110 of the Jackson County Land Development Ordinance (LDO).[3] Pursuant to the county ordinance, the Jackson County Roads, Parks and Planning Services Department then issued a "tentative" decision. Under LDO section 285.110, the tentative decision is issued without a hearing. The ordinance provides that notice of the decision is to be mailed to owners of record of property within 750 feet of the subject property, if the subject property is within a farm or forest zone, which this property apparently is.[4] Persons entitled to notice under LDO section

---

[1] Unless we indicate otherwise, the term "respondent neighbors" refers to both DIMRN and the individual neighbors.

[2] The county argues that LUBA was wrong in asserting that the county's exhaustion argument was limited to arguing that respondent Mitchell did not exhaust her administrative remedies. The county's position is that it argued before LUBA that none of the neighbors exhausted their administrative remedies. In view of our disposition of the exhaustion issue, we need not resolve the question of the breadth of the county's argument before LUBA on this issue. We will assume for purposes of discussion that the argument concerned all of the respondent neighbors.

[3] This code section corresponds to the statutory procedure for granting a permit without a hearing. See ORS 215.416(11)(a), (c).

[4] The property is zoned "Aggregate Resource." No one disputes that this is a farm or forest zone.

285.110 have the right to request a public hearing on the tentative decision. If a request for hearing is timely filed and accompanied by the required fee, the ordinance provides:

"[T]he Department shall not issue a permit and shall set the application for public hearing to be held pursuant to procedures set forth in Chapter 286 of this Ordinance.[5] If a request for hearing is not received or does not meet with the requirements of [LDO section] 285.110(3), the Department's decision shall be final."

LDO § 285.110(4).

In this case, notice of the county's site plan approval was mailed to owners of record of property within 750 feet of the subject site. The notice stated that the recipient had "the right to request a quasi-judicial hearing on the tentative Departmental decision." It added that, if a hearing was requested, "the County's final decision will be made by the hearings body." *See* LDO § 285.050. One of the respondent neighbors, Dorothy Mitchell, was entitled to and did receive the written notice, because she lives within 750 feet of the subject property. However, the other respondent neighbors, including the neighborhood organization DIMRN, were not included on the county's notice list.[6] Within the time period for requesting a hearing, one of the respondent neighbors, Wojtas, filed a request for hearing, alleging that she was a property owner and frequent user of Dead Indian Memorial Road, on which the trucks going to and from the quarry will travel. She was the only person or entity that filed a request for a hearing.

In response to Wojtas's request, the county scheduled a public hearing before a hearing officer. The hearing commenced on June 17, 2002. At the hearing, the individual respondent neighbors appeared and submitted written comments. However, their presentation of evidence apparently was limited by the hearing officer because, during the hearing, Dauenhauer, the applicant and intervenor before LUBA,

---

[5] The record before LUBA and us does not include chapter 286 of the county's ordinance. The parties make no argument regarding its provisions.

[6] Apparently, although those individuals live near or on Dead Indian Memorial Road, they were not technically entitled to notice under LDO section 285.110 because they did not live within 750 feet of the subject site.

challenged Wojtas's standing to request a hearing. The hearing officer continued the hearing until July 15, 2002, to permit time for briefing on that question. On June 18, 2002, however, Wojtas submitted a letter withdrawing her request for a public hearing. The hearing officer then issued an order on July 1, 2002, dismissing the request for hearing. The order recited:

> "[I]t is ordered the request for hearing filed by Nancy C. Wojtas on May 13, 2002, is dismissed. In the absence of a request for hearing, the Hearings Officer lacks jurisdiction to proceed and the public hearing continued to July 15, 2002 is canceled."

Two days following issuance of the order, respondent neighbors filed a notice of intent to appeal to LUBA the tentative decision made by the county on April 30, 2002.[7] Before LUBA, the county moved to dismiss the appeal on the ground that, because the site plan approval ultimately was issued without a hearing, the deadline for seeking LUBA's review is governed by ORS 197.830(4).[8] Under that statute, according

---

[7] The notice of intent to appeal specifically states that the challenge is to the "Notice of Tentative Decision on Application for a land use permit (File No. 2002-01-SPRA)." The notice asserts that this decision "purportedly became final on May 13, 2002." It also noted, however, that a local appeal was filed and a hearing was held on June 17, 2002. Although the notice did not state that it was the hearing officer's decision that was the final local decision sought to be reviewed or that the tentative decision was final on the date of the hearing officer's order dismissing the local appeal, LUBA stated that it understood from the notice that was filed that petitioners were asserting that the challenged decision did not become final until the hearing officer's dismissal of the local appeal. We agree with LUBA's understanding of the notice. Further, in the county's motion to dismiss before LUBA, it did not argue that LUBA lacked review authority because the notice of intent to appeal failed to correctly identify the decision on review or because it failed to state the date the local decision became final. The arguments in the county's motion to dismiss are limited to the circumstances of the proceeding before the county, not the adequacy of the notice of intent to appeal. Further, it is clear from LUBA's record that all of the parties understood which decision was being appealed and that no party to the proceeding was confused or misled in any way by any ambiguity in the notice of intent to appeal.

[8] If a local government makes a decision without a hearing under ORS 215.416(11), ORS 197.830(4) provides, in relevant part:

> "(a) A person who was not provided mailed notice of the decision as required under ORS 215.416(11)(c) * * * may appeal the decision to the board under this section within 21 days of receiving actual notice of the decision.

> "(b) A person who is not entitled to notice under ORS 215.416(11)(c) * * * but who is adversely affected or aggrieved by the decision may appeal the decision to the board under this section within 21 days after the expiration of the

to the county, the notice of intent to appeal to LUBA was not timely filed. The county also argued that the appeal should be dismissed because respondent neighbors did not exhaust their available local administrative remedies. LUBA denied the county's motion to dismiss.

Before this court, the county argues that LUBA erred in concluding that it had jurisdiction of the matter and that, therefore, LUBA should have granted its motion to dismiss. The county separates that argument into two assignments of error. First, it argues that LUBA erred in holding that any of the respondent neighbors exhausted their administrative remedies before the county. Second, the county argues that LUBA erred in determining that the planning department's tentative decision did not become final until July 1, 2002, after the hearing officer cancelled the hearing.

The county first argues that petitioners did not exhaust all available local remedies as required by ORS 197.825 and, therefore, LUBA lacked jurisdiction. That statute provides, in part:

"(2)  The jurisdiction of the board:

"(a)  Is limited to those cases in which the petitioner has exhausted all remedies available by right before petitioning the board for review[.]"

ORS 197.825(2). The county argues that all of the respondent neighbors had the right to request a hearing before a hearing officer.[9] It asserts that the only person who did request such a hearing withdrew her request and, accordingly, because none of the respondent neighbors that are parties to this

_____

period for filing a local appeal of the decision established by the local government under ORS 215.416(11)(a) * * *.

"(c)  A person who receives mailed notice of a decision made without a hearing under ORS 215.416(11) * * * may appeal the decision to the board under this section within 21 days of receiving actual notice of the nature of the decision, if the mailed notice of the decision did not reasonably describe the nature of the decision.

"(d)  Except as provided in paragraph (c) of this subsection, a person who receives mailed notice of a decision made without a hearing under ORS 215.416(11) * * * may not appeal the decision to the board under this section."

[9] Intervenor applicant also filed a brief on appeal joining in the county's arguments made to us. For ease of reference, we will refer only to the county.

appeal filed his or her own request for hearing, none of them exhausted all remedies available to them.

In discussing this issue, LUBA acknowledged that the procedural circumstances in this case were unusual and that there was little legal authority addressing the issue presented by these circumstances. LUBA explained:

"We have long held that the petitioner before LUBA need not itself have filed the local appeal with the highest local decision maker in order to satisfy ORS 197.825(2)(a). *Choban v. Washington County*, 25 Or LUBA 572, 578 (1993); *McConnell v. City of West Linn*, 17 Or LUBA 502, 506 (1989). The exhaustion requirement is satisfied, we have held, where an appeal to the highest local decision maker was filed and the petitioner participated in the appeal hearing. *Choban*, 25 Or LUBA at 578. Here, an appeal to the highest local decision maker was filed, and all named petitioners participated in that appeal hearing. There is no question under *Choban* and *McConnell* that, had that local appeal resulted in a final decision on the merits of intervenor's application, petitioner Mitchell's failure to file her own appeal would not bar her from appealing that final decision to LUBA. However, the local appeal process here was aborted and resulted in a decision that effectively recognized the planning department's tentative decision as the county's final decision. The question becomes how to apply the exhaustion requirement under these circumstances."

LUBA then concluded:

"Our research reveals no cases where a local appeal under ORS 215.416(11) or 227.175(10) has been withdrawn or aborted prior to reaching a decision on the merits. It is apparently a relatively rare circumstance. We see no reason to interpret ORS 197.825(2)(a) to require, in these rare circumstances, that a petitioner must file its own local appeal in order to satisfy the exhaustion requirement, when the result of announcing such a requirement would be that many parties in more ordinary circumstances will file multiple, and probably unnecessary and redundant, local appeals. A local appeal was filed in the present case, and petitioner Mitchell appeared at the hearing on that appeal, which resulted in a decision by the county's highest decision

maker. That decision effectively adopts the tentative decision as the county's final decision. Under these circumstances, we do not interpret ORS 197.825(2)(a) to require more."

(Footnote omitted.)

■      We agree with LUBA's reasoning and conclusion, which is consistent with the language of ORS 197.825(2). The county's argument essentially seeks to add requirements to the exhaustion requirement articulated in ORS 197.825(2). Nothing in the statute conditions the requirement that the petitioner exhaust "all remedies available by right before petitioning the board for review" on there being a local review process that concludes with a decision on the merits. The exhaustion requirement in the statute does not mandate that the local process result in a particular kind of, or comprehensive, decision. Under these unusual circumstances, where a hearing was requested and commenced, the individual respondent neighbors appeared at the hearing, but the hearing concluded prematurely because of the action of another petitioner over whom the other individual neighbors had no control, it is only reasonable to conclude, as did LUBA, that the exhaustion requirement was satisfied.

In its second assignment of error, the county argues that LUBA erred in holding that the planning department's tentative decision became final on the date that the hearing officer dismissed the request for hearing, July 1, 2002. According to the county, when the hearing was cancelled, the decision retroactively became final on May 13, 2002, 12 days after the date of the notice of the tentative decision and, under ORS 197.830(4)(b), respondents must have appealed to LUBA within 21 days of that date.

In discussing this issue, LUBA noted that the county did not offer, nor did it find, any legal authority to support its view that, when the hearing was cancelled, the situation reverted to the *status quo ante* and the planning department's tentative decision became the county's final decision, which must have been appealed 21 days after it became final on May 13. However, LUBA also acknowledged that it was not aware of any legal authority that directly supported the contrary view, that the hearing officer's order "had the effect

of making the tentative decision the county's final decision, as of the date of the hearings officer's order." LUBA nonetheless reasoned that, were the planning department's tentative decision to retroactively become the final decision some two months after it was issued, "then the period for appealing that planning department decision to LUBA may pass before anyone had reason to suspect it was a final decision that could be appealed to LUBA." The result would effectively defeat the possibility of a timely appeal to LUBA. In view of that fact, LUBA concluded that, in the absence of a provision in the ordinance that directly governs this question, the county's decision became final upon the hearing officer's issuance of the order cancelling the public hearing. LUBA explained, "Under such an ordinance, where the highest decision maker declines to grant review, it is logical to view the effect of that decision as making the underlying decision final as of the date the decision maker declines further review." LUBA then concluded that the appropriate statute governing its authority to accept a petition for review under these circumstances was ORS 197.830(9). That statute provides that a notice of intent to appeal a land use decision must be filed "not later than 21 days after the date the decision sought to be reviewed becomes final." Based on the above analysis, LUBA held that the respondent neighbors' notice of intent to appeal was timely.

■ ·We agree with LUBA's characterization of the local process under these circumstances and again believe that LUBA's conclusion is consistent with the text of pertinent parts of the local ordinance and applicable statutes. As previously noted, the county has an ordinance that specifies the process when a request for hearing is filed. LDO section 285.110(4) provides:

> "If a request for hearing is timely filed and is accompanied by the required fee, the Department shall *not* issue a permit and shall set the application for public hearing to be held pursuant to procedures set forth in Chapter 286 of this Ordinance.[10] If a request for hearing is not received or does

---

[10] The record before LUBA and before us does not include chapter 286 of the county's ordinance. The parties make no argument regarding its provisions.

not meet with the requirements of [LDO section] 285.110(3), the Department's decision shall be final."

(Emphasis added.) Under this ordinance, the county is clearly prohibited from issuing a permit when a timely request for hearing, accompanied by the required fee, is received, and the county's tentative decision is rendered ineffective upon the filing of the request for hearing. There is nothing in the county ordinances that mandates that, should a hearing be aborted, for whatever reason, the process up to that point is considered a nullity and the tentative decision retroactively becomes the county's final decision, thereby precluding an appeal of the local decision by any participants in the local hearing.

The county relies on ORS 197.830(4) to support its position. That statute governs appeals to LUBA from local decisions that are made without a hearing. As LUBA correctly concluded, however, ORS 197.830(4) simply does not apply here because a hearing was held. Generally, the timeliness requirements in ORS 197.830 are keyed to whether or not the local proceeding included a hearing in the decision-making process. Nothing in ORS 197.830 (or LDO section 285.110) shows any intent to limit the meaning of "hearing" to a hearing that results in a decision on the merits of a land use issue.[11] Rather, the fact that the local proceeding included or did not include a hearing, of any sort, is the guide to what process is available to appeal to LUBA. The county offers us no convincing reason to read "on the merits resulting in a final decision" into each use of the term "hearing" in ORS 197.830. LUBA concluded that ORS 197.830(9) was

---

[11] "Hearing" is defined in ORS 215.402(2) to mean

"a quasi-judicial hearing, authorized or required by the ordinances and regulations of a county adopted pursuant to ORS 215.010 to 215.311, 215.317, 215.327, 215.402 to 215.438 and 215.700 to 215.780:

"(a) To determine in accordance with such ordinances and regulations if a permit shall be granted or denied; or

"(b) To determine a contested case."

ORS chapter 197 does not define "hearing," but, to the extent the above definition may be considered applicable in that it defines the character of the "hearing" portion of a local land use decision-making scheme, the definition does not aid the county's argument. ORS 215.402(2) describes a proceeding undertaken for a particular purpose; it does not describe or require a particular result of that proceeding.

applicable here based on its holding that the county's decision became final after the hearing was cancelled. Under ORS 197.830(9), the decision was appealable to LUBA within 21 days after that decision became final.[12] Again, we agree with LUBA's reading of the statutes.

For all of the above reasons, we conclude that LUBA did not err in denying the county's motion to dismiss.

Affirmed.

---

[12] ORS 197.830(9) provides, in part, that "[a] notice of intent to appeal a land use decision or limited land use decision shall be filed not later than 21 days after the date the decision sought to be reviewed becomes final."