158 June 12, 2024 No. 392

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CENTRAL OREGON LANDWATCH,
*Petitioner*
*Cross-Respondent,*

*v.*

DESCHUTES COUNTY,
*Respondent,*
*and*

2T SUSTAINABLE LAND & CATTLE HOLDINGS, LLC,
*Respondent*
*Cross-Petitioner.*

Land Use Board of Appeals
2023073; A183568

Argued and submitted April 15, 2024.

Rory Isbell argued the cause and filed the briefs for petitioner-cross-respondent.

E. Michael Connors argued the cause for respondent-cross-petitioner. On the brief were Christopher P. Koback and Hathaway Larson LLP, and Liz Fancher and Law Office of Liz Fancher.

No appearance for respondent Deschutes County.

Before Ortega, Presiding Judge, Hellman, Judge, and DeVore, Senior Judge.

ORTEGA, P. J.

Affirmed on petition and cross-petition.

**ORTEGA, P. J.**

Central Oregon LandWatch petitions for judicial review from an order of the Land Use Board of Appeals (LUBA) in which LUBA concluded that it did not have jurisdiction and transferred the case to the circuit court. The applicant at the county, 2T Sustainable Land & Cattle Holdings, LLC (2T), sought approval for a guest ranch and related property line adjustments. The hearings officer approved that application and the Deschutes County Board of Commissioners (the county board) denied review of the hearings officer's decision. LandWatch appealed that decision to LUBA. However, before the county board issued its denial of review, 2T filed a petition for a writ of mandamus with the circuit court based on the county having failed to issue a final action on 2T's application within 150 days, as provided in ORS 215.427 and ORS 215.429. Based on the timing of the filing of the mandamus action, LUBA concluded that it did not have jurisdiction and transferred the matter to the circuit court. LandWatch petitions for review, contending that LUBA did have jurisdiction. 2T cross-petitions for review, contending that LUBA should have dismissed the case and not transferred it to the circuit court.

We review LUBA's order to determine whether it is "unlawful in substance or procedure," ORS 197.850(9)(a). On LandWatch's petition, we conclude that ORS 197.015(10) (e)(B), by its plain terms, provides that a county decision issued after a petition for a writ of mandamus is filed under ORS 215.429 is not a land use decision. LUBA's jurisdiction is over land use decisions. Thus, LUBA did not have jurisdiction in this case because 2T filed its mandamus action before the county issued a final decision on 2T's application. We also conclude that LUBA correctly determined that it was required to transfer the case to the circuit court. Accordingly, we conclude that LUBA's order was not unlawful in substance or procedure and affirm on both the petition and the cross-petition.

The facts relevant to our disposition are procedural and undisputed. 2T applied to the county for conditional use and site plan approval for a guest ranch and for

approval of two related property line adjustments. Under ORS 215.427(1), the county is required to take final action on such an application "within 150 days after the application is deemed complete[.]" The application was deemed complete on March 28, 2023, and the 150th day after that date was August 25, 2023. However, at the July 25 public hearing, 2T agreed to keep the record open for 21 days, which extended the 150-day deadline to Friday, September 15. The county hearings officer approved 2T's application subject to conditions and rejected the issues raised by LandWatch in a written decision mailed on September 5. On September 14, LandWatch filed its appeal of that decision to the county board.

On Monday, September 18 at 12:07 p.m., 2T filed a petition for a writ of mandamus in the circuit court requesting that the court order the county to approve its applications as a final action, as provided in ORS 34.130 and ORS 215.429. Also on September 18, during a board meeting that began at 1:00 p.m., the county board denied review of the hearings officer's decision because the 150-days had already passed. The county board signed a written order denying review on September 18 and mailed that order on September 23.

Meanwhile, the mandamus action continued to proceed. On October 18, the circuit court entered a general judgment of dismissal, based on a stipulation of the parties that the county would adopt the decision of the hearings officer. On October 23, the county board issued an order adopting the hearings officer's decision as the final decision of the county and in response to the stipulated preemptory writ.

LandWatch, for its part, filed with LUBA a notice of intent to appeal the county board's order that resulted from the county board's September 18 meeting. 2T intervened in the LUBA proceeding and moved to dismiss LandWatch's petition on the basis that LUBA lacked jurisdiction to review the decision. LUBA issued a final order concluding that it lacked jurisdiction, but it transferred the appeal to the circuit court. LandWatch has petitioned for judicial review of LUBA's order; and 2T has cross-petitioned.

*LandWatch's Petition for Judicial Review*

Under ORS 197.825(1), LUBA has exclusive jurisdiction to review any "land use decision" of a local government. "Land use decision" is a term that is defined in ORS 197.015(10) and includes a "final decision" on certain types of matters, which would include a final decision on 2T's application here. *See* ORS 197.015(10)(a). As relevant here, ORS 197.015(10)(e)(B) provides that the term land use decision "[d]oes not include * * * [a]ny local decision or action taken on an application subject to ORS 215.427 or 227.178 after a petition for a writ of mandamus has been filed under ORS 215.429 or 227.179[.]" Because the county board denied review of the hearings officer's decision on 2T's application after 2T filed its petition for writ of mandamus, LUBA determined that it did not have jurisdiction.

On its petition from LUBA's order, LandWatch raises two assignments of error. In its first assignment, LandWatch argues that LUBA had jurisdiction because 2T prematurely filed its petition for a writ of mandamus, as provided in ORS 215.429(4), which meant that the circuit court did not have jurisdiction and, thus, the filing of the mandamus action could not strip LUBA of its jurisdiction. In its second assignment, LandWatch argues that LUBA failed to accurately characterize the nature of the final land use decision before it, by referring to the county board's order denying review and not to the hearings officer's decision approving 2T's application, which issued on September 5, before the 150-day deadline and before 2T filed its mandamus action. We reject both of those assignments of error.

We reject LandWatch's first assignment of error because LandWatch's argument focuses on whether 2T properly filed its mandamus action such that the circuit court had jurisdiction and not on whether LUBA had jurisdiction. Whether LUBA had jurisdiction, however, is the issue before us. As set out above, under the plain terms of ORS 197.015(10)(e)(B), a land use decision does not include a local decision on an application made after a petition for writ of mandamus is filed under ORS 215.429. Whether a mandamus petition is filed prematurely under ORS 215.429 is an issue for the circuit court to decide in the mandamus action. The statutes

setting out LUBA's jurisdiction do not grant LUBA the juris-
diction to decide whether a petition for writ of mandamus
was properly filed under ORS 215.429 such that the circuit
court has jurisdiction. ORS 197.825(1) (giving LUBA juris-
diction of land use decisions); ORS 197.015(10) (defining land
use decision); *see also* ORS 215.429(2) ("Upon filing a peti-
tion under ORS 34.130, jurisdiction for all decisions regard-
ing the application, including settlement, shall be with the
circuit court."). Rather, the statutes set out a bright line for
LUBA and provide that a land use decision does not include
any local decision on an application that is made after the
petition for writ of mandamus is filed. Thus, for purposes of
LUBA's jurisdiction, it does not matter whether 2T filed its
mandamus action prematurely, as asserted by LandWatch;
it only matters whether 2T filed its mandamus action before
the county's decision on 2T's application.

We turn then to whether the county's decision
on review at LUBA was made after 2T filed its manda-
mus action. That question leads us to LandWatch's second
assignment of error in which LandWatch asserts that the
correct date for that assessment is September 5, the date of
the hearings officer's decision. We also reject that argument.

Within certain limitations not at issue here, the
county may define on what date its own decisions become
final for purposes of ORS chapter 215. *State ex rel Willamette
Cmty. Hlth. Sols. v. Lane Cty.*, 274 Or App 545, 553, 361
P3d 613 (2015); *see also* ORS 215.422(1) (providing that the
county may prescribe the procedure and type of hearing for
review of a hearings officer's decision by the governing body
and that the governing body may provide that the hearings
officer's decision is the final determination of the county);
OAR 661-10-010(3) (LUBA rule defining "final decision").[1]
Here the county has done so.

Under     the     Deschutes     County     Code     (DCC)
22.28.010(C):

---

[1] OAR 661-010-0010(3) provides:

"'Final decision': A decision becomes final when it is reduced to writing and
bears the necessary signatures of the decision maker(s), unless a local rule or
ordinance specifies that the decision becomes final at a later date, in which
case the decision is considered final as provided in the local rule or ordinance."

> "A decision on a land use action is not final until the Planning Director or Hearings Body issues a written decision, the decision or notice of the decision has been mailed and the appeal period to the next higher Hearings Body within the County has run."

Additionally, when there is an appeal of a land use decision to the county board,[2] such as the one initiated by LandWatch in this case, the DCC provides:

> "If the Board of County Commissioners decides that the lower Hearings Body decision shall be the final decision of the County, then the Board shall not hear the appeal and the party appealing may continue the appeal as provided by law. In such a case, the County shall provide written notice of its decision to all parties. The decision on the land use application becomes final upon mailing of the Board's decision to decline review."

DCC 22.32.035(B). Based on those code provisions, the county could not have issued a final decision until the county board declined to review the hearings officer's decision and mailed that decision. It is undisputed that the county board did not sign a written order denying review until sometime after 1:00 p.m. on September 18 and did not mail that written order until September 23. It is also undisputed that the 150-day deadline was Friday, September 15, and that 2T filed its petition for writ of mandamus on Monday, September 18 at 12:07 p.m. There was no final decision of the county for purposes of ORS 215.427 and ORS 215.429 before 2T filed its mandamus action.

However, LandWatch asserts that, because the county board's decision denying review made the hearings officer's decision the final decision of the county, the date for determining if the county's decision was after 2T filed its mandamus action is the date of the hearings officer's decision, September 5. We reject that argument because LUBA's jurisdiction is dependent on the existence of a final decision of the county. The plain wording of ORS 197.015(10) defines a land use decision as a "final decision" of the local

---

[2] An appeal to the county board, or a review initiated by the county board, of a hearings officer's decision must be accomplished within 12 days of the mailing of the hearings officer's decision. DCC 22.28.050 (board review); DCC 22.32.015 (filing appeal).

government. ORS 197.015(10)(a); *see also* OAR 661-010-
0010(3) (defining "final decision"). Here, there was no final
decision of the county that occurred before 2T filed its man-
damus action. There is no statute, rule, or county ordinance
that supports LandWatch's assertion that the date of the
final decision for purposes of LUBA's jurisdiction could be
backdated to the date that the hearings officer's decision
was issued, even though there was no final county decision
before 2T filed for mandamus.[3] *Cf. Dead Indian Memorial
Road Neighbors v. Jackson Cty.*, 188 Or App 503, 512-13, 72
P3d 648 (2003) (holding that, when the county cancelled a
public hearing, which had the effect of making the tentative
decision final, the date to appeal the final decision did not
backdate to the date of finality that the tentative decision
would have had if no one had requested a public hearing).
Under ORS 197.015(10)(e)(B), LUBA did not have jurisdic-
tion and LUBA's order was not unlawful in substance or
procedure.[4]

*2T's Cross-Petition for Judicial Review*

      On cross-petition, 2T argues that LUBA erred when
it transferred LandWatch's petition to the circuit court and
asserts that it should have dismissed the case instead.
LUBA transferred the case pursuant to ORS 34.102(4) and
OAR 661-010-0075(9)(c). ORS 34.102(4) sets out when LUBA

    [3] We note that LandWatch frames its argument as LUBA having incorrectly
identified the decision on review as the county board's order denying review,
when, in fact, the decision on review was the hearings officer's decision approv-
ing 2T's application. We do not address that argument directly because it is a
distinction without any difference for purposes of LUBA's jurisdiction. Both the
county board's order and the hearings officer's decision became final decisions of
the county on the same date—the date that the county board mailed its written
order denying review. DCC 22.28.010(C); DCC 22.32.035(B).

    [4] We note that LandWatch was not deprived of a forum for its arguments.
LandWatch could have sought to intervene in the mandamus action and raised
its arguments there. *See* ORS 215.429(3) (requiring applicant to provide written
notice of the mandamus petition to, among others, any person who participates
in any evidentiary hearing on the application); ORS 34.130(4)(a), (b) (allowing
adverse parties to intervene as of right within 21 days); ORS 34.105 (defining
"adverse party" as "a beneficially interested party to a judicial or administra-
tive proceeding from which a mandamus proceeding arises, whose interests are
adverse to the relator"). LandWatch also could have sought LUBA review of the
county's decision to stipulate in the mandamus action, if it separately qualified
as a land use decision. *See Flying J, Inc. v. Marion County*, 201 Or App 99, 106,
117 P3d 1027 (2005) (holding that county's interpretation of an ordinance in a
stipulation in a mandamus action was a land use decision reviewable by LUBA).

is required to transfer a notice of intent to appeal to the circuit court, where it is treated as a petition for writ of review:

> "A notice of intent to appeal filed with the Land Use Board of Appeals pursuant to ORS 197.830 and requesting review of a decision of a municipal corporation made in the transaction of municipal corporation business that is not reviewable as a land use decision or limited land use decision as defined in ORS 197.015 shall be transferred to the circuit court and treated as a petition for writ of review. If the notice was not filed with the board within the time allowed for filing a petition for writ of review pursuant to ORS 34.010 to 34.100, the court shall dismiss the petition."[5]

LUBA's administrative rule, OAR 661-010-0075(9)(c), implements that statute and provides:

> "If [LUBA] determines the appealed decision is not reviewable as a land use decision or limited land use decision as defined in ORS 197.015(10) or (12), [LUBA] shall dismiss the appeal unless a motion to transfer to circuit court is filed as provided in subsection (9)(b) of this rule, in which case [LUBA] shall transfer the appeal to the circuit court of the county in which the appealed decision was made."

Here, LandWatch filed a motion to transfer to circuit court. Under the statute and rule, LUBA was required to transfer the appeal to the circuit court. LUBA also relied on ORS 215.429(2) which, after 2T filed its mandamus action, placed "jurisdiction for all decisions regarding the application, including settlement" with the circuit court.

2T asserts, however, that LUBA was not required to transfer the appeal and that LUBA erred when it did so. 2T first argues that LandWatch's appeal was not from a decision that is available for review as a writ of review. That is so, 2T asserts, because, under ORS 34.102(2) a writ of review is available only for the decision of a governing body "acting in a judicial or quasi-judicial capacity," which 2T asserts does not apply here. 2T also asserts that writ of review was not available because the circuit court already had exclusive jurisdiction of the application through the mandamus action, under ORS 215.429(2), and the general judgment and final decision of the county through that

---

[5] "Municipal corporation" as used here includes the county. ORS 34.102(1).

process has issued, rendering LandWatch's appeal to LUBA moot. 2T asserts that LUBA should have applied its own precedent in *Grabhorn v. Washington County*, 46 Or LUBA 672 (2004), *aff'd without opinion*, 203 Or App 639 (2006), which dismissed LUBA appeals that were not reviewable by LUBA instead of transferring them. 2T further argues that a writ of review here would be an impermissible collateral attack on the mandamus judgment.

We reject 2T's arguments because they ignore the mandatory nature of the directive to LUBA in ORS 34.102(4) and OAR 661-010-0075(9)(c) to transfer the appeal to the circuit court when it determines that a notice of intent to appeal is not reviewable as a land use decision. Whether the circuit court can proceed on the appeal as a writ of review is a matter for the circuit court to decide, not LUBA, as the relevant statutes have placed that decision with the courts. *See* ORS 215.429(2); *see also* ORS 34.102(5) (If the court disputes whether it has authority to review the decision transferred, the court "shall refer the question of whether the * * * court has authority to review to the Court of Appeals, which shall decide the question in a summary manner."). As a result, we conclude that LUBA's order is not unlawful in substance or procedure.

Affirmed on petition and cross-petition.