On respondent's petition for reconsideration filed January 12, and appellant's response to petition for reconsideration filed January 20, reconsideration allowed; former opinion (233 Or App 41, 225 P3d 56 (2009)) modified and adhered to as modified March 17, 2010

STATE ex rel WEST MAIN TOWNHOMES, LLC, an Oregon limited liability company, *Relator-Appellant,*

*v.*

CITY OF MEDFORD, a municipal corporation of the State of Oregon, *Defendant-Respondent.*

Jackson County Circuit Court 074038Z2; A137828

228 P3d 607

Lori J. Cooper for petition.

Ryan J. Vanderhoof for response.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

## SCHUMAN, J.

Defendant-Respondent City of Medford (city) petitions for reconsideration of our decision in *State ex rel West Main Townhomes v. City of Medford*, 233 Or App 41, 225 P3d 56 (2009). The city argues that we committed both factual and legal errors that warrant reconsideration. We allow reconsideration, correct an erroneous citation, and otherwise adhere to our former opinion.

In the underlying case, West Main Townhomes, LLC (developer), filed a petition for an alternative writ of mandamus to compel the city to approve an application for a permit allowing a multifamily apartment complex. ORS 227.179 (authorizing applicant to file mandamus if governing body has not taken final action on application). At the mandamus hearing, developer argued that the Medford Code (MC) provision governing development proposals, MC 10.453, was impermissibly vague under ORS 227.173. MC 10.453 provides:

> "All development shall be consistent with an adopted neighborhood circulation plan when such a plan is available for the project area. In such cases, the approving authority must find that proposed transportation improvements are consistent with the principles and objectives of the neighborhood circulation plan. Features, such as street arrangement and location, may depart from the adopted plan if it can be found that the principles and objectives of the adopted plan will be carried out. *If a neighborhood circulation plan does not exist, it shall be the developer's responsibility to demonstrate, prior to approval of a plan authorization, that development of the project site will not impair the future development of a comprehensive neighborhood circulation system.*"

(Emphasis added.) ORS 227.173 provides:

> "(1) Approval or denial of a discretionary permit application shall be based on standards and criteria, which shall be set forth in the development ordinance and which shall relate approval or denial of a discretionary permit application to the development ordinance and to the comprehensive plan for the area in which the development would occur and to the development ordinance and comprehensive plan for the city as a whole.

"(2) When an ordinance establishing approval standards is required under ORS 197.307 to provide only clear and objective standards, the standards must be clear and objective on the face of the ordinance."

The trial court dismissed the petition, explaining in a letter opinion that MC 10.453 was not impermissibly vague. We disagreed. In our opinion reversing the trial court, we concluded that MC 10.453 *was* impermissibly vague, in that it required the developer to conform its application to a city plan before that plan existed. *State ex rel West Main Townhomes*, 233 Or App at 48. We held the city to the standard set out in ORS 227.173(2), above: "clear and objective."

■ In its petition for reconsideration, the city points out that ORS 227.173(2) and the "clear and objective" language that it contains apply only to aesthetic and appearance standards for certain middle- and low-income housing projects and is therefore inapplicable in the present case. The city is correct.

■ We nonetheless adhere to our former opinion. Although ORS 227.173(2) does not apply to developer's application, we have held that ORS 227.173(1), which does apply, requires "standards that are clear enough for an applicant to know what he must show during the application process." *Lee v. City of Portland*, 57 Or App 798, 802, 646 P2d 662 (1982). We therefore modify our former opinion to delete references to ORS 227.173(2), and to substitute for them references to ORS 227.173(1) as construed in *Lee*.

The city seeks reconsideration on two other grounds as well. It argues, first, that we erred in failing to consider certain documents that were before us. However, those documents were not in the trial court record designated on appeal, and, for that reason, we cannot consider them. Second, the city disagrees with our reading of *Lee*. We are not persuaded that our interpretation is wrong.

Reconsideration allowed; former opinion modified and adhered to as modified.