Argued and submitted October 5, 1987, affirmed June 15, 1988

SIMON et ux,
*Appellants,*

*v.*

BOARD OF COUNTY COMMISSIONERS
OF MARION COUNTY,
*Respondent.*

(86-C-10778; CA A43108)

755 P2d 741

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■

Robert L. Engle, Woodburn, argued the cause for appellants. With him on the brief were Eichsteadt, Bolland, Engle & Schmidtman, Woodburn.

Daryl S. Garrettson, Assistant Legal Counsel, Salem, argued the cause for respondent. On the brief were Robert C. Cannon, Marion County Legal Counsel, and J. Haggerty-Foster, Assistant Legal Counsel, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

■■■■■■■■■■

Buttler, P. J., specially concurring.

## ROSSMAN, J.

Plaintiffs appeal the denial of an alternative writ of mandamus to compel defendant to approve an application for a minor partition of plaintiffs' land. ORS 215.428(7). Defendant denied the application in the fall of 1984, more than 120 days after the application was deemed complete. ORS 215.428(1). Plaintiffs did not seek mandamus before the denial was issued, nor did they appeal the decision to the Land Use Board of Appeals (LUBA). Instead, they filed a second application for partition, which was also denied. *Simon v. Board of Co. Comm. of Marion Co.,* 84 Or App 311, 733 P2d 901 (1987).

On April 15, 1986, a week after the second application was denied, plaintiffs sought a writ of mandamus under ORS 215.428 to force defendant to grant the *first* application. The trial court dismissed that action, holding that because defendant had issued a final decision, the decision from which plaintiffs sought relief was a "land use decision" within the exclusive jurisdiction of LUBA.

ORS 197.825(1) provides, in part:

"Except as provided in subsections (2) and (3) of this section, the board shall have exclusive jurisdiction to review any land use decision of a local government, special district or a state agency * * *."

ORS 215.428 provides:

"(1)   Except as provided in subsections (3) and (4) of this section, the governing body of a county or its designate shall take final action on an application for a permit or zone change, including resolution of all appeals under ORS 215.422, within 120 days after the application is deemed complete.

"* * * * *

"(7)   If the governing body of the county or its designate does not take final action on an application for a permit or zone change within 120 days after the application is deemed complete, the applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision

of the county comprehensive plan or land use regulations as defined in ORS 197.015."

Defendant argued, and the trial court held, that the decision by the governing body in this case was a "land use decision," ORS 197.015(10), and that, therefore, the court had no jurisdiction to review that decision. Plaintiffs argue that an ORS 215.428(7) mandamus proceeding is not a review of a land use decision but a new action in which the only issues are (1) whether the governing body has taken action within 120 days and (2) whether approval of the application would violate a substantive provision of the county comprehensive plan or land use regulations. Plaintiffs contend that ORS 215.428(7) allows mandamus to force the county to grant their application, because its denial was not made within the 120-day period provided in the statute.[1]

The facts of this case place two statutory provisions in apparent conflict. The county failed to act on plaintiffs' application within 120 days, thus bringing ORS 215.428(7) to bear. However, when the county did act, it did so through a "land use decision," review of which is LUBA's exclusive jurisdiction. ORS 197.825(1). Nothing in either provision addresses the situation where mandamus is sought after the governing body acts. We must look at the statutory scheme as a whole to resolve the conflict.

ORS 197.805 *et seq* creates a comprehensive system for reviewing land use decisions. Central to it is LUBA's exclusive jurisdiction to review "any land use decision." ORS 197.825(1). By creating LUBA and giving it exclusive jurisdiction, the legislature created a body with particular expertise to review land use decisions and channeled such decisions to that body. Quick disposition of disputed issues is also central to the statutory scheme. ORS 197.805 provides that "it is the policy of the Legislative Assembly that time is of the essence in reaching final decisions in matters involving land use"; this policy is implemented by short deadlines for decision and appeal throughout the entire process, including expedited

---

[1] Plaintiffs also assign as error the trial court's determination that mandamus could not be granted because approval would violate a substantive provision of the Marion County Comprehensive Plan. Because of our resolution of the other claim, we do not address this issue.

review by this court. ORS 197.830; ORS 197.850; ORS 197.855.

Construing ORS 215.428(7) to continue jurisdiction in the circuit court after a governing body has acted, even belatedly, would be inconsistent with the statutory scheme.[2] The mandamus remedy is not subject to expedited review, and it makes little sense to review a decision through a slower process simply because the governing body failed to act more quickly. It also makes little sense to require a second tribunal to make a second initial decision. To provide an alternative channel of review would also defeat the legislature's obvious intent to funnel review of land use decisions through LUBA.

The legislature has made clear that review by LUBA is the norm. The mandamus remedy is intended to effectuate LUBA's role, not undercut it. The evident purpose of ORS 215.428 is to ensure that local governing bodies issue a decision. Once the governing body acts, the purpose of ORS 215.428(7) has been met, and there is no reason for resort to circuit court.[3]

Affirmed.

**BUTTLER, P. J.,** specially concurring.

On March 2, 1984, plaintiffs filed the application for minor partitioning to which this proceeding relates. It was denied on October 24, 1984, more than 120 days after their application was complete. They sought no relief from that denial. Instead, they filed another application with defendant on November 14, 1985, asking for approval of the same minor partition of the same land. That application was denied, and plaintiffs filed a petition for writ of mandamus under ORS

---

[2] We express no opinion as to the effect of a tardy decision by a governing body after a party has sought mandamus.

[3] This case is unlike *Doughton v. Douglas County,* 90 Or App 49, 750 P2d 1174 (1988), where we held that mandamus was available under ORS 197.825(4)(a) to remedy a county's continuous course of conduct in refusing to enforce its regulations. We stated that "judicial relief under the statute cannot invariably be escaped by a local government's fabrication of a 'land use decision' which does nothing more than memorialize its continuing failure to comply with or require compliance with its legislation." 90 Or App at 55. Here, the county has made a discrete decision reviewable by LUBA and the question is whether mandamus under ORS 215.428(7) is available not withstanding that.

215.428(7) to compel defendant to approve the second application, contending that defendant had not taken final action within 120 days. The trial court concluded that the mandamus proceeding was premature, because the application was "deemed completed," ORS 215.422, fewer than 120 days before the petition for the writ was filed. We affirmed on appeal. *Simon v. Bd of Co. Comm. of Marion Co.,* 84 Or App 311, 733 P2d 901 (1987).

About two weeks before the trial court entered judgment dismissing the first petition (relating to plaintiffs' second application), plaintiffs filed *this* petition to compel defendant to approve plaintiffs' *first* application. I believe that plaintiffs' filing and pursuing their second application superseded any rights that they may have had under the first one; therefore, they no longer have any rights to assert with respect to the first one.

Accordingly, I would not reach the question decided by the trial court and the majority, but would affirm the dismissal of the petition.