Argued and submitted May 12, affirmed on appeal and cross-appeal
November 19, 1998

STATE OF OREGON ex rel
James FRALEY,
*Appellant - Cross-Respondent,*

*v.*

DESCHUTES COUNTY BOARD OF COMMISSIONERS,
Nancy Pope Schlangen, Linda Swearingen,
Robert Nipper, and Deschutes County,
*Respondents - Cross-Appellants.*

(96-CV-0233-AB; CA A95007)

948 P2d 1249

Lawrence W. Erwin argued the cause and filed the briefs for appellant - cross-respondent.

Bruce W. White, Deschutes County Legal Counsel, argued the cause and filed the briefs for respondents - cross-appellants.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

**DEITS, C. J.**

Plaintiff-relator Fraley (plaintiff) brought this mandamus action pursuant to ORS 215.428(7) seeking to compel defendants, the Deschutes County governing body and its members, to issue a declaratory land use decision holding that he has a nonconforming use that allows him to continue operating a truck repair business. The trial court denied plaintiff's request. Plaintiff appeals and defendants filed a cross-appeal that, more accurately characterized, presents cross-assignments of error.

ORS 215.428(1) requires counties to take final action on permit applications within 120 days from the time that they are "deemed complete." ORS 215.428(7)(b) provides that, in the event that the county fails to make a final decision within the 120-day period:

> "The applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the county comprehensive plan or land use regulations as defined in ORS 197.015. The writ may specify conditions of approval that would otherwise be allowed by the county comprehensive plan or land use regulations."

Plaintiff filed his application with the county, for what he captioned as a "verification of a nonconforming use," in February 1994. Substantially more than 120 days later, the county governing body issued a final decision that was favorable to plaintiff in most or all of its particulars. A party opposing plaintiff's use appealed to LUBA, which remanded the county's decision. *Suydam v. Deschutes County*, 29 Or LUBA 273 (1995). Plaintiff sought judicial review, and we affirmed LUBA's decision. *Suydam v. Deschutes County and Fraley*, 136 Or App 548, 904 P2d 248, *rev den* 322 Or 361 (1995).

LUBA's remand to the county became final on December 22, 1995. After conducting further proceedings, the county governing body issued a decision on May 1, 1996, that was adverse to plaintiff. That was more than 120 days

after the date of LUBA's remand order. Nevertheless, on May 9, plaintiff appealed to LUBA from the county's May 1 decision.[1] On May 16, while the LUBA appeal was pending, plaintiff filed this action.

The trial court concluded that petitioner's application for the declaratory ruling constituted a "permit" application under ORS 215.402 and was therefore subject to the requirements and remedies of ORS 215.428. The court further concluded that the 120-day requirement of ORS 215.428(1) and the mandamus remedy of ORS 215.428(7) apply anew to county proceedings that follow a remand by LUBA, as well as to the county's initial proceedings on a permit application.[2] However, the trial court then determined that, "as to the [county's] initial consideration of [plaintiff's] application, [plaintiff's] ability to apply for an ORS 215.428 mandamus was made moot by the [county's] * * * approval of his application." The court explained:

> "To hold otherwise under the facts of this case would allow the ORS 215.428 mandamus process to be used to retroactively undermine the consideration given by LUBA, the Court of Appeals and the Supreme Court to the approval granted by the County to [plaintiff's] application. The Court finds that, in enacting ORS 215.428, the legislature could not have intended that the mandamus process would be used to, in effect, negate a previous decision on a land use application and the subsequent rulings issued by LUBA and the appellate courts on that decision. Accordingly, [plaintiff] is not entitled to relief under ORS 215.428 for County's failure upon its initial consideration of [plaintiff's] application to ma[k]e a decision on that application within 120 days."

The court continued, however, by indicating that that rationale did not extend to the county's proceedings that followed LUBA's remand of the first appeal, apparently

---

[1] LUBA subsequently affirmed the county's decision, *Fraley v. Deschutes County*, _____ Or LUBA _____ (LUBA No. 96-062, September 10, 1996), and we in turn affirmed LUBA's decision. *Fraley v. Deschutes County*, 145 Or App 484, 930 P2d 902 (1996), *rev den* 325 Or 45 (1997).

[2] In their cross-appeal, defendants assign error to these two rulings by the court. For reasons that we will discuss, we do not reach those assignments, and thus we do not decide whether the rulings were correct. *See* n 4.

because those proceedings culminated at the county level in a denial of what plaintiff sought. Nonetheless, the court ruled that the mandamus remedy was unavailable for other reasons in connection with the county's post-remand decision. The court relied on the doctrine of laches and concluded that, having awaited the county's decision and appealed it to LUBA before bringing his action, plaintiff was not entitled to avail himself of the mandamus remedy. The court distinguished the case from *State ex rel Compass Corp. v. City of Lake Oswego*, 319 Or 537, 878 P2d 403 (1994), where the Supreme Court held that mandamus relief was available to a plaintiff whose application had been denied by the city after the mandamus action was brought.[3] The trial court explained that "[w]hat we have here is a situation where [plaintiff] is, in essence, attempting to use the mandamus process to undermine a [land use] decision after it was already made." Consequently, the court determined that, "as a matter of law, [plaintiff] is not entitled under ORS 215.428 to the relief sought."

Although our reasoning differs somewhat from the trial court's, we agree with its conclusion that the mandamus remedy was unavailable to plaintiff under these circumstances. The decisive question, in our view, is whether an applicant may bring an action under ORS 215.428(7)(b) *after* the county has made a land use decision approving or denying the application, albeit one that was not made within the 120-day period prescribed by ORS 215.428(1). For the reasons that follow, we hold that the answer is no.[4]

---

[3] The statute that the court construed in *Compass Corp.* was ORS 227.178, which was materially identical then and, as since amended, is materially identical now to ORS 215.428. ORS 227.178 applies to cities and ORS 215.428 to counties. The subsequent amendments do not affect the substance of the court's opinion in *Compass Corp.* in any way that is relevant here.

[4] Because plaintiff brought this action after the county had made both its initial decision and its decision following LUBA's remand of the first decision, we do not find it necessary to analyze the two decisions or the two periods separately. It therefore becomes academic to this case whether, as the trial court concluded and defendants dispute in one of the two assignments of error in their cross-appeal, the timeliness and mandamus provisions of ORS 215.428 apply to a county's proceedings after a remand of its original decision. The trial court's laches analysis, which it applied to the post-remand period, also becomes dispositionally inconsequential, as does plaintiff's assignment of error directed at that analysis. *But see State ex rel Currier v. Clatsop County*, 149 Or App 285, 942 P2d 847 (1997).

Plaintiff relies on *Compass Corp.* and contends that ORS 215.428(7) "creates a remedy—a judicially compelled approval—for a county's violation of the 120-day deadline contained in ORS 215.428(1)." According to plaintiff, the right to this remedy is not affected by the county's decision, after the 120-day period has expired, to deny the application. Plaintiff's argument appears to posit that mandamus relief may be obtained whether the action is brought before or after the county's decision, if that decision is not made within the 120-day period. Defendants respond that, once the county had made a decision on the application, LUBA's exclusive review jurisdiction under ORS 197.825 came into effect, and plaintiff did not have the option of bringing the ORS 215.428(7) mandamus action after the county's decision, even if the county was in violation of the time requirement of ORS 215.428(1) that the mandamus provision is designed to redress.

In *Simon v. Board of Co. Comm. of Marion Co.*, 91 Or App 487, 755 P2d 741 (1988), we held that the circuit court could not exercise jurisdiction over an ORS 215.428(7) mandamus action that, like the one here, was brought after the county had made a land use decision on the application that was appealable to LUBA, even though the county's decision was made more than 120 days after the filing of the completed application. We reiterated that holding in *Bigej Enterprises v. Tillamook County*, 118 Or App 342, 847 P2d 869, *rev den* 317 Or 162 (1993).

In both cases, we left open the question of whether mandamus relief would remain available if a county made a belated land use decision on an application after an action under ORS 215.428(7) had been instituted, but before the action had been finally adjudicated. That question arose in *Edney v. Columbia County Board of Commissioners*, 119 Or App 6, 849 P2d 1125, *aff'd on different grounds* 318 Or 138, 863 P2d 1259 (1993), and we held that mandamus relief could not be given after the county had made its decision.

We relied on *Edney* and reiterated our holding there in *State ex rel Compass Corp. v. City of Lake Oswego*, 121 Or App 486, 856 P2d 319 (1993). The Supreme Court again took

review, and disagreed with our reasoning and our holdings on the issue in *Edney* and *Compass Corp.* It said:

"As the Court of Appeals noted in *Edney v. Columbia County Board of Commissioners, supra*, 119 Or at 10, the mandamus statute and the LUBA statutes are silent about whether a city's belated decision to deny an application affects the circuit court's mandamus jurisdiction. The Court of Appeals concluded that such a decision by a city prevents the court from issuing a writ, reasoning that there is no reason to force a city to make a second decision. According to that court, once the city makes a decision, even a belated one, the purpose of the mandamus statute has been satisfied, and there is no need to resort to court.

"That reasoning overlooks the applicant's statutory right, not merely to an order that rules on the application, but to an order *compelling an approval*. If a city could avoid the mandamus remedy by denying the application on the eve of a court hearing, the incentive to make a timely decision within 120 days would disappear. Properly viewed, the approval action that the court compels through mandamus is not a second decision by the city; *it is an action that the law requires as a consequence of the city's violation of the 120-day deadline*. For that reason, a belated decision to deny an application does not render moot the applicant's claim to the mandamus remedy. Under our analysis, the absence of wording in ORS 227.178 or the LUBA statutes addressing the effect of a belated denial does not create an ambiguity regarding the court's authority to issue a writ of mandamus.

"Our review of the text and context of ORS 227.178(7) leads us to conclude that the legislature's intention behind that statute is clear. *It creates a remedy—a judicially compelled approval—for a city's violation of the 120-day deadline in ORS 227.178(1). The applicant's right to that remedy is not affected by the city's decision, after the 120-day period has expired, to deny the application*. Nothing in the other statutes that relate to the same subject, including the LUBA review statutes, creates an ambiguity as to the legislative intention regarding the circuit court's authority under these circumstances. It follows that the Court of Appeals erred in holding that City's belated denial of the application deprived the circuit court of authority to grant a writ of mandamus requiring approval of the application."

*Compass Corp.*, 319 Or at 545-46 (first emphasis in original; subsequent emphasis supplied).

The language that we have emphasized in the quotation from *Compass Corp.* lends support to plaintiff's view that, once 120 days have elapsed from the time that a completed application is filed and the city or county has not made a final decision on it, the applicant's right to "compelled approval" under the mandamus provisions becomes and remains available, regardless of whether the local body subsequently makes a decision on the application and regardless of whether the applicant has brought a mandamus action before the local body makes its belated decision. At the same time, the facts before the court in *Compass Corp.* did not call upon it to decide that broad question. Unlike the situation in *Simon*—and here—the local decision in *Compass Corp.* was not made until after the applicant had brought the mandamus proceeding.

Although it is not entirely clear from *Compass Corp.* itself whether that case provides an answer to the question here, or what the answer is, the Supreme Court offered the following explanation of *Compass Corp.* in its later decision in *Murphy Citizens Advisory Com. v. Josephine County*, 325 Or 101, 934 P2d 415 (1997):

"*Compass* holds that, *once the mandamus procedure at ORS 227.178(7) (or, in this case, the identical procedures at ORS 215.428(7)) has been invoked,* the local government's belated *denial* of the application at issue does not divest a circuit court of jurisdiction to enter a *peremptory* writ compelling *approval*." 325 Or at 107 n 6 (first emphasis supplied; subsequent emphasis in original).

The court's statement in *Murphy Citizens* clearly implies that a mandamus action under one of the two parallel statutes must have been brought before the belated local decision was made in order for the mandamus remedy to be available. The combined practical effect of the Supreme Court's decisions in *Compass Corp.* and *Murphy Citizens* is the same as that of our holdings in *Simon* and *Bigej Enterprises*, under circumstances of the kind involved in the latter cases. We conclude that the trial court correctly held that it

lacked authority to grant mandamus relief to plaintiff. We do not reach plaintiff's other arguments on the appeal. *See* n 4.

As noted, defendants' two assignments in their cross-appeal are in the nature of cross-assignments of error, through which they seek to support the judgment in their favor. In the light of our disposition of the appeal, neither assignment needs to be addressed. *But see* n 4.

We affirm on both the appeal and the cross-appeal. Pursuant to our authority under ORS 20.310(1), we award no costs to defendants as the prevailing parties on the appeal. *See State ex rel Aspen Group v. Washington County*, 150 Or App 371, 946 P2d 347 (1997). Upon an appropriate filing under ORAP 13.05, plaintiff shall have his costs on the cross-appeal. *See also* ORAP 13.10.

Affirmed on appeal and on cross-appeal.