Argued and submitted September 11, reversed and remanded in part; otherwise affirmed November 15, 2000

## STATE ex rel K. B. RECYCLING, INC., and Fred Kahut, *Appellants,*

*v.*

## CLACKAMAS COUNTY, a political subdivision of the State of Oregon, *Respondent.*

(CCV 9905315; CA A107858)

14 P3d 643

Mark J. Greenfield argued the cause for appellants. With him on the briefs was Reif Reif & Thalhofer.

Michael E. Judd, Assistant County Counsel, argued the cause for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Plaintiffs appeal from the trial court's dismissal of the second claim in this mandamus action, through which plaintiffs sought to compel defendant Clackamas County to approve plaintiffs' application for a permit under ORS 215.402 *et seq.*[1] We reverse.

Plaintiffs filed the application in October 1998. On May 5, 1999, substantially more than 120 days afterward, the county hearings officer issued a decision denying the application. Under applicable county ordinance provisions, the hearings officer's decision would have been "final" and appealable to the Land Use Board of Appeals (LUBA) unless, *inter alia*, plaintiffs filed a petition for rehearing by the hearings officer. In that event, the county's decision would not become final until the petition for rehearing was denied or decided on its merits.

Early on the morning of May 14, 1999, plaintiffs filed a timely petition for rehearing with the county. A few minutes later, they filed this mandamus action, pursuant to Oregon Laws 1997, chapter 414, section 2.[2] At the relevant time, that provision served as an interim substitute for ORS 215.428. Under the 1997 provision, the county was required to take "final action" on the permit application within 120 days after it was deemed complete, or, failing that, it could be compelled by mandamus to approve the application. As material here, the 1997 provision is substantially identical to ORS 215.428 and also bears the same similarity that the codified statute does to ORS 227.178 (containing corresponding requirements for cities). Hence, the case law construing ORS 215.428 and ORS 227.178 is fully pertinent here.[3]

The principal interpretive authority is *State ex rel Compass Corp. v. City of Lake Oswego*, 319 Or 537, 878 P2d 403 (1994), where the Supreme Court held that the mandamus remedy of ORS 227.178 becomes available if the local

---

[1] The trial court's disposition of the first claim is not an issue on appeal.

[2] At the expense of belaboring the obvious, no disposition of the petition had occurred before the mandamus action was brought.

[3] We note that ORS 215.428 has since been replaced by ORS 215.427 and ORS 215.429, which were enacted in 1999 but which are not applicable here.

government has not acted on an application within 120 days and that the mandamus action remains viable and the remedy remains available notwithstanding a belated decision on the application by the local government after the action has been brought. The principal caveat to the *Compass* rule is the one that we articulated in *State ex rel Fraley v. Deschutes Cty. Bd. of Comm.*, 151 Or App 201, 948 P2d 1249 (1997), *rev den* 327 Or 305 (1998), that a mandamus action under ORS 215.428 or ORS 227.178 may not be *initiated after* the local government has taken "final action" on a permit application, even if the government's action was taken more than 120 days after the application was filed.

■　　　Plaintiffs contend that the county had not taken "final action" on the application before they brought this mandamus proceeding. According to them, although the hearings officer had rendered a decision that otherwise would have been "final," that decision did not constitute "final action" once plaintiffs sought rehearing of it, because the county ordinance expressly defers "finality" until the disposition of such a petition. The county argues—and the trial court agreed—that the hearings officer's May 5 decision was "final" for purposes of the mandamus statute and that plaintiffs' arguably self-serving maneuver in filing the petition for rehearing should not be allowed to divest the decision of its finality or make the mandamus remedy available. The county explains:

> "[Plaintiffs] might have been justified in filing a petition for writ of mandamus when the 120-day period expired, in February, 1999. Instead, having already received a favorable decision from the planning department, they continued through the land use process before the hearings officer. Only after receiving a denial from the hearings officer did they abandon the normal land use process, and attempt to use the [ordinance] rehearing provision to get a 'second bite at the apple' in circuit court.

> "* * * Rather than speeding up the process, adoption of [plaintiffs'] position would formally sanction the sort of gamesmanship that occurred in this case. The intent of the legislature was speedy resolution of land use applications, not to allow applicants the benefit of after-the-fact forum shopping."

One might, of course, take precisely the opposite view from the county's, *i.e.*, that the purpose of the mandamus statutes *is* to provide an alternative forum to applicants when the first forum at which they shopped has failed to deliver the goods in the time and manner required by state law. Indeed, we indicated as much in *State ex rel Coastal Management v. Washington Cty.*, 159 Or App 533, 551-52, 979 P2d 300 (1999), in rejecting a point similar to the one that the county makes here. *See also State ex rel Aspen Group v. Washington County*, 166 Or App 217, 996 P2d 1032 (2000).

In any event, the short answer to the county's broader argument is that, factually, this case is not materially distinguishable from *Compass Corp.* There, as here, the local body with initial deciding authority made its final decision more than 120 days after the completed application was filed. There, as here, the *applicant later* sought review of that body's decision at the next available stage in the local government's decision-making process. And there, as here, the applicant brought the mandamus action while the local review procedure that *it* had invoked was pending. Given that near identity in the relevant facts between the two cases, there is no convincing reason why this case should not be controlled by the rule of law stated in *Compass Corp.* We therefore conclude that the trial court erred, insofar as its ruling was based on the understanding that the hearings officer's May 5 decision was "final action" within the meaning of the applicable statutory provisions, and that the mandamus remedy was unavailable notwithstanding the pending petition for rehearing of the hearings officer's decision.

■ The county also contends, however, that we may and should affirm the trial court's judgment on the "alternative ground" that plaintiffs' mandamus action is barred under the doctrine of laches. The county explains:

"[Plaintiffs'] application was filed with the County on October 22, 1998. The last day of the 120-day period for 'final action' was February 19, 1999. Yet [plaintiffs] waited nearly three months, until after the hearings officer's denial, to file their mandamus on May 14, 1999. Given the short overall time line involved, that is an unreasonable delay under the circumstances. [Plaintiffs] obviously had knowledge of the relevant facts, that more than 120 days

had elapsed and no final decision had been made by the County. By waiting to see the results of the hearings officer's decision, and then filing their mandamus action, [plaintiffs] caused substantial prejudice to the County by seeking to nullify the previously made land use decision, and diverting this action into circuit court, where the burden of proof would be shifted to the County rather than the applicant."

Assuming without deciding that the doctrine of laches could ever serve as a defense in a mandamus action under ORS chapter 215 or ORS chapter 227, and also assuming that a laches defense on which a trial court has not ruled could ever serve as an alternative ground for affirming a judgment, the county is not aided here. As we have indicated before in addressing arguments similar to the quoted one, *see, e.g.*, *Coastal Management*, the governmental bodies that advance the arguments seem to have a fundamental misperception of the substance and purpose of ORS 215.428 and ORS 227.178. To reiterate our earlier statements, the objective of the 120-day requirement and of the mandamus procedure in the statutes is to assure prompt governmental action on applications for the use of property, not to compel applicants who have been denied that statutory right to pursue a judicial remedy at the earliest possible opportunity. *See Coastal Management*, 159 Or App at 551-52. The county's argument that *it* was prejudiced by *plaintiffs'* election to abide the county's dilatoriness for three additional months before bringing suit is untenable. The county suffered nothing except its own continuing efforts to complete the already untimely performance of its statutory responsibility, together with the remedial consequences that attached to its violation of the statute's requirements. *See Compass Corp.*, 319 Or at 545-46.

It is unnecessary for us to reach plaintiffs' remaining assignments and arguments.

Reversed and remanded on second claim for relief; otherwise affirmed.