Argued and submitted December 9, 2013, vacated and remanded, cross-appeal dismissed as moot October 28, 2015

STATE ex rel WILLAMETTE
COMMUNITY HEALTH SOLUTIONS,
an Oregon non-profit corporation,
dba Cascade Health Solutions,
*Relator-Respondent*
*Cross-Respondent,*

*v.*

LANE COUNTY,
an Oregon local government,
*Defendant-Respondent*
*Cross-Appellant,*

*and*

Chris PAGE,
*Intervenor-Appellant*
*Cross-Respondent.*

Lane County Circuit Court
161008780; A148854

361 P3d 613

Michael E. Farthing argued the cause and filed the briefs for appellant-cross-respondent.

Brian J. Millington argued the cause for respondent-cross-respondent. With him on the briefs were G. David Jewett and Thorp, Purdy, Jewett, Urness & Wilkinson, P. C.

Stephen L. Vorhes argued the cause for respondent-cross-appellant. With him on the briefs was Lane County Office of Legal Counsel.

Before Nakamoto, Presiding Judge, and Hadlock, Judge, and Egan, Judge.*

HADLOCK, J.

---

* Hadlock, J., *vice* Armstrong, P. J.

**HADLOCK, J.**

Plaintiff Willamette Community Health Solutions brought this mandamus action to compel the Lane County Board of Commissioners to approve plaintiff's applications for land-use permits to build a 12-bed hospice facility near Eugene after the county failed to act on the applications within the time allotted by statute. A person who owns property neighboring the proposed facility intervened. At a hearing on cross-motions for summary judgment on several affirmative defenses pleaded by intervenor, the county and intervenor asserted that the court lacked jurisdiction because, although the statutory deadline had already passed, a county hearings official had issued a decision denying the applications, and the issuance of that preliminary decision barred plaintiff from filing a mandamus petition for 14 days, during which time the county could take final action on the applications. *See* ORS 215.429(4). Plaintiff filed the mandamus petition 11 days after the hearings official's decision issued. The trial court concluded that only preliminary action by the Lane County Board of Commissioners would trigger the 14-day "grace period," so the decision of the hearings official did not preclude plaintiff from filing the petition. On appeal, we conclude that the hearings official's decision was sufficient to trigger the grace period and, therefore, that plaintiff's mandamus petition was premature. Accordingly, we vacate the general judgment and a supplemental judgment awarding plaintiff attorney fees and remand the case for dismissal.

The relevant facts are undisputed. Plaintiff's land-use permit applications were deemed complete on October 16, 2009. The property that plaintiff proposes to develop is outside Eugene's urban growth boundary, so the county was required to take final action on the applications by March 14, 2010. *See* ORS 215.427(1) (for land outside an urban growth boundary, the "governing body of a county or its designee shall take final action * * * within 150 days after the application is deemed complete * * *"). That deadline passed without out the county making a decision.

On April 8, 2010, the hearings official issued a written decision denying the applications. Eleven days later, on

April 19, plaintiff commenced this action by filing a mandamus petition. Intervenor moved to intervene in the action and then filed an answer in which he raised several affirmative defenses. Plaintiff moved for partial summary judgment as to those defenses, and intervenor in turn cross-moved for summary judgment on them. In his summary judgment brief, intervenor argued that the hearings official's April 8 decision precluded plaintiff from filing for mandamus for 14 days—until April 22—citing ORS 215.429(4). ORS 215.429 provides, in pertinent part:

"(1) Except when an applicant requests an extension under ORS 215.427, if the governing body of the county or its designee does not take final action on an application for a permit, limited land use decision or zone change within 120 days or 150 days, as appropriate, after the application is deemed complete, the applicant may file a petition for a writ of mandamus under ORS 34.130 in the circuit court of the county where the application was submitted to compel the governing body or its designee to issue the approval.

"(2) The governing body shall retain jurisdiction to make a land use decision on the application until a petition for a writ of mandamus is filed. Upon filing a petition under ORS 34.130, jurisdiction for all decisions regarding the application, including settlement, shall be with the circuit court.

"(4) If the governing body does not take final action on an application within 120 days or 150 days, as appropriate, of the date the application is deemed complete, the applicant may elect to proceed with the application according to the applicable provisions of the county comprehensive plan and land use regulations or to file a petition for a writ of mandamus under this section. If the applicant elects to proceed according to the local plan and regulations, the applicant may not file a petition for a writ of mandamus within 14 days after the governing body makes a preliminary decision, provided a final written decision is issued within 14 days of the preliminary decision.

"(5) The court shall issue a peremptory writ unless the governing body or any intervenor shows that the approval

would violate a substantive provision of the county comprehensive plan or land use regulations as those terms are defined in ORS 197.015. The writ may specify conditions of approval that would otherwise be allowed by the county comprehensive plan or land use regulations."

Intervenor contended that the hearings official's denial constituted the county's preliminary decision and triggered the 14-day grace period before plaintiff could petition for mandamus.

The trial court noted that, whereas subsection (1) of the statute refers to the "governing body of the county or its designee," subsection (4) refers only to "the governing body." The court concluded that the legislature's intent was to distinguish between the governing body and its designee, such that only preliminary action by the governing body itself—the Lane County Board of Commissioners—would trigger the 14-day grace period provided for in subsection (4). Thus, the court concluded, the hearings official's decision was not a preliminary decision of the governing body, so ORS 215.429 did not preclude plaintiff from filing the mandamus petition. Accordingly, the court granted plaintiff's motion for partial summary judgment on that issue and denied intervenor's cross-motion. The case then went to trial on the question whether approval of plaintiff's permit applications would violate the county comprehensive plan or land use regulations. The court ultimately ruled in plaintiff's favor, entering a general judgment ordering the county to approve plaintiff's permit applications. The court also entered a supplemental judgment awarding plaintiff its attorney fees. Intervenor appeals from both judgments and the county has cross-appealed.

In conjunction with intervenor's appeal, both intervenor and the county renew the contention that the trial court lacked jurisdiction. In response, plaintiff defends the trial court's interpretation of ORS 215.429. In addition, plaintiff observes that ORS 215.429(4) provides that, if the governing body does not take final action by the appropriate deadline, an applicant "may elect" to proceed with the application or to petition for mandamus. Plaintiff takes the position that the 14-day grace period applies only if the

applicant "elects" to proceed with the application. Plaintiff argues that the summary judgment record contains no competent evidence that it made the necessary election.[1]

In addressing the parties' competing arguments about the meaning of ORS 215.429(4), we seek to determine the legislature's intent in creating the 14-day grace period. In doing so, we look to the statutory text in context, as well the legislative history and, if necessary, to interpretive maxims. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). We begin with the trial court's interpretation of ORS 215.429. As that court noted, generally speaking, when the legislature uses a term in one statutory provision and excludes it from another, we assume that the exclusion was purposeful and meant to indicate a distinction between the two provisions. *Springfield Utility Board v. Emerald PUD*, 339 Or 631, 642, 125 P3d 740 (2005). That principle of statutory construction, however, is not a rule of law, but merely a guide to determining the legislature's intent. *Pacific Northwest Bell Telephone Co. v. Katz*, 116 Or App 302, 310 n 6, 841 P2d 652 (1992), *rev den*, 316 Or 528 (1993). As we explain below, applying that principle in this case would result in an implausible reading of the statute.

Again, ORS 215.429(1) provides that, "if the governing body of the county or its designee does not take final action on an application" within the pertinent time limit, "the applicant may file a petition for a writ of mandamus" seeking to compel the county to approve the application. ORS 215.429(4) also describes circumstances under which the applicant may file a mandamus petition; it provides that, if "the governing body does not take final action on an application" within the pertinent time limit, "the applicant may elect to proceed with the application * * * or to file a petition for a writ of mandamus." If the trial court's view were correct, if the governing body's *designee* took final

---

[1] Plaintiff also argues that the claimed error is not reviewable, given that the trial court denied intervenor's cross-motion for summary judgment. However, when "there are cross-motions for summary judgment and the granting of one and denial of the other are both assigned as error, both are subject to review." *Farmers Ins. Exchange v. Crutchfield*, 200 Or App 146, 152-53, 113 P3d 972, *rev den*, 339 Or 609 (2005). In this case, there were cross-motions, and intervenor assigns error to both the granting of plaintiff's motion and the denial of intervenor's cross-motion. It follows that the claimed error is reviewable.

action within the statutory time limit, subsection (1) would not allow the applicant to file a mandamus petition, but subsection (4) would allow it, given that the governing body itself did not take any action, final or otherwise, by the statutory deadline. Put starkly, whenever a county's designee was authorized to—and did—take final action on an application (say, by denying requested permits), ORS 215.429(4), as construed by the trial court, nonetheless would entitle the applicant to file a mandamus petition in the circuit court seeking a different result.

That cannot have been the legislature's intent.[2] The ORS 215.429 mandamus remedy "'is not designed to provide review of a local government's land use decisions,' but, instead, provides 'an incentive for timely governmental action, along with a remedial mechanism that results in an approval,' subject to defenses that the local government must prove." *State ex rel Oregon Pipeline v. Clatsop County*, 253 Or App 138, 142, 288 P3d 1024 (2012), *rev den*, 353 Or 428 (2013) (quoting *State ex rel Compass Corp. v. City of Lake Oswego*, 319 Or 537, 542, 878 P2d 403 (1994)). Put somewhat differently, because the mandamus remedy "was meant to require local governments to take 'final action' within a specified amount of time," once that final action has been taken, "the purpose of the mandamus statutes has been satisfied." *Id.* at 147. A party seeking review of the local government's decision must pursue ordinary remedies like, when appropriate, an appeal to the Land Use Board of Appeals. *Id.* Here, if ORS 215.429(4) allowed an applicant to seek mandamus even if the governing body's designee already had taken final action on a permit application, the statute would end up operating as a mechanism for obtaining judicial review of a decision that already had been made, rather than as "'an incentive for timely governmental action.'" *Oregon Pipeline*, 253 Or App at 142.

To avoid that implausible result, we read the term "the governing body" in subsection (4) as a shorthand

---

[2] As noted, we look to the legislative history for help in understanding the legislature's intent in enacting a statute. *See Gaines*, 346 Or at 171-72. In this case, that effort yielded no fruit. The legislative history of ORS 215.429 sheds no light on the legislature's intent in including the 14-day grace period in subsection (4) of the statute or on the circumstances that trigger the grace period.

reference to "the governing body or its designee" in subsection (1). Other provisions of subsection (4) reflect the same style of drafting: Where subsection (1) refers to "an application for a permit, limited land use decision or zone change," subsection (4) refers only to "an application"; where subsection (1) refers to "fil[ing] a petition for a writ of mandamus under ORS 34.130 in the circuit court of the county where the application was submitted to compel the governing body or its designee to issue the approval," subsection (4) refers only to "fil[ing] a petition for a writ of mandamus under this section." Given the legislature's approach to drafting subsection (4), it is reasonable to read the term "the governing body" in that subsection as a reference to "the governing body of the county or its designee" in subsection (1). It follows that an applicant for a permit may not file a petition for a writ of mandamus within 14 days after the governing body or its designee makes a preliminary decision.[3]

That raises the question whether the hearings official's decision here was "preliminary." The county notes that, under Lane Code (LC) 14.500(3) and LC 14.510, the hearings official's decision was not final until the time for appealing the decision expired—12 days after the hearings official signed his order. In the county's view, because the

---

[3] We observe that other provisions in ORS chapter 215 refer to actions that may be taken by "the governing body or its designee," *e.g.*, ORS 215.236(2), by "the governing body of a county or its designee," *e.g.*, ORS 215.263(2), by "the governing body of a county," *e.g.*, ORS 215.263(8), or simply by the "governing body," *e.g.*, ORS 215.296(10). At least some of the references to only "the governing body" might create internal tension within statutes if interpreted literally *not* to also include the governing body's designee. For example, ORS 215.283(2) specifies certain nonfarm uses that "may be established subject to the approval of the governing body or its designee" in certain areas. That provision is cross-referenced in ORS 215.296(10), which states that ORS 215.296 "does not prevent a governing body that approves a use allowed under ORS 215.283(2) *** from establishing" certain standards or conditions. Given that cross-reference, one might ask whether ORS 215.296(10) allows only the governing body, and not its designee, to establish standards and conditions for nonfarm uses that were approved, under ORS 215.283(2), by the governing body's designee. If subsection (10) is read literally, that would appear to be the result required.

We do not, of course, mean to suggest that *every* reference in ORS chapter 215 to a "governing body" also includes the governing body's designee. Some such references undoubtedly refer only to "the representative body vested with legislative power by statute or charter." ORS 203.030. But when, as in ORS 215.429(4), such a literal interpretation would result in a statute operating contrary to manifest legislative intent, we will not constrain ourselves to that literal interpretation.

time for appealing had not expired when plaintiff filed the mandamus petition, the hearings official's decision remained preliminary.

We agree. Within certain limits, counties may determine by rule when their decisions become final for purposes of ORS chapter 215. *Columbia River Television v. Multnomah Co.*, 299 Or 325, 333, 702 P2d 1065 (1985). LC 14.500(3) provides, "Unless appealed, a decision on any application shall be final upon expiration of the period provided by this chapter for filing an appeal." LC 14.510 provides, in part, "A decision by the Director or Hearings Official, once reduced to writing and signed, shall be appealed as provided in LC 14.500 above, within 12 days of the date of signing of the decision provided notice of the decision occurs as required by law." The hearings official signed his decision on April 8, 2010. Under the Lane Code, the hearings official's decision would have become final on April 20. However, plaintiff petitioned for mandamus on April 19. A decision that is not final is, by its nature, preliminary. *Cf.* ORS 183.310(6)(b) (defining "final order" under the Administrative Procedures Act to mean "final agency action expressed in writing" and to exclude "tentative or preliminary" statements that do not "preclude further agency consideration").

We turn to plaintiff's final contention, that ORS 215.429(4) governs only if the applicant "elects" to proceed with the application. Plaintiff takes the view that "electing" to proceed with the application requires some affirmative conduct by the applicant, and it asserts that there is no evidence in the summary judgment record that it made the necessary election.

We have previously explained that, once the statutory 120- or 150-day deadline has passed, until a preliminary decision on an application has been made, the applicant may choose either to proceed with the application or to file a mandamus petition, though those options are not mutually exclusive. *State ex rel West Main Townhomes v. City of Medford*, 233 Or App 41, 45-46, 225 P3d 56 (2009), *modified on other grounds on recons*, 234 Or App 343, 228 P3d 607 (2010). There is no third option that consists of doing nothing, as plaintiff's position contemplates. In other words,

simply not filing a mandamus petition constitutes an election to proceed with the application. Nothing else is required. We reject plaintiff's argument that ORS 215.429(4) requires that the applicant engage in affirmative conduct in order to elect to proceed with the application.

To summarize, because the hearings official made a preliminary decision, ORS 215.429(4) precluded plaintiff from filing a mandamus petition for 14 days thereafter. It follows that plaintiff's petition, filed only 11 days later, was premature and that the trial court therefore lacked jurisdiction over this action. Accordingly, we vacate the trial court's general judgment and remand with instructions to dismiss the case. In light of that disposition, we do not address intervenor's other assignments of error, except as they relate to the award of attorney fees, which we discuss briefly below. Moreover, our decisions that the circuit court lacked jurisdiction to enter the general judgment, and that the judgment must be remanded for dismissal, moot the county's cross-appeal, which we therefore dismiss.

As noted, the trial court awarded plaintiff its attorney fees, and both intervenor and the county challenge that award on appeal. Because we vacate the general judgment, the attorney-fee award cannot stand. *See* ORS 20.220(3)(a) (when an appeal is taken from a judgment to which an award of attorney fees relates, if the appellate court reverses the judgment, the award of attorney fees shall be deemed reversed). Thus, we vacate the supplemental judgment awarding attorney fees as well.

Vacated and remanded; cross-appeal dismissed as moot.