Argued and submitted November 14, 1986, reversed and remanded March 4, reconsideration denied April 24, petition for review denied May 27, 1987 (303 Or 454)

CHERRY LANE, INC.,
*Respondent,*

*v.*

BOARD OF COUNTY COMMISSIONERS,
JACKSON COUNTY, OREGON
*Appellants.*

(85-1456-NJ-2; CA A38237)

733 P2d 488

E. R. Bashaw and Wendie L. Kellington, Medford, argued the cause and filed the briefs for appellants.

Diane Spies, Portland, argued the cause for respondent. With her on the brief was Diane Spies and Associates, P.C., Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a mandamus action. The trial court ordered Jackson County to approve Cherry Lane, Inc.'s application to partition land for residential use in an exclusive farm use (EFU) zone. The county appeals. We hold that, because Cherry Lane did not first seek county approval for non-farm dwellings on the land, approval would violate the county's comprehensive plan and land use regulations.

On November 6, 1984, Cherry Lane applied to the county for approval of a tentative plan for a "non-farm dwelling subdivision" on land which it owns in an EFU zone a short distance outside the Medford city limits and urban growth boundary. The plan would divide the land into nine residential lots, ranging in size from 1.06 to 2.49 acres. The county did not notify Cherry Lane that any necessary information was missing, and the application was therefore deemed complete no later than December 6, 1984. ORS 215.428(2). The county did not make a final decision on the application within 120 days thereafter. Cherry Lane then petitioned the circuit court for a writ of mandamus to order the county to approve the plan. ORS 215.428(7).[1] The court issued the writ.

Under ORS 215.428(7) a court must order the county to approve an application if the county does not do so within 120 days after it is deemed complete, unless the county shows "that the approval would violate a substantive provision of the county comprehensive plan or land use regulations[.]" The county argues that the approval would violate its plan and regulations for several reasons; we consider only one.[2] ORS 215.263(4) provides that a county may approve a division of land for a non-farm dwelling in an EFU zone "only if the

---

[1] ORS 215.428(7) provides:

"If the governing body of the county or its designate does not take final action on an application for a permit or zone change within 120 days after the application is deemed complete, the applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the county comprehensive plan or land use regulations as defined in ORS 197.015."

[2] The county also argues that ORS 215.428 does not apply to approval of plats for subdivisions outside an urban growth boundary. *See* ORS 92.105. We do not decide that issue.

dwelling has been approved under ORS 215.213(3) or ORS 215.283(3), whichever is applicable." The county has not approved a non-farm dwelling on any of the proposed lots, and, so far as the record shows, Cherry Lane has not applied for approval.[3]

The statutory standard is part of the county's land use regulations. Jackson County Land Development Ordinance § 218.010 states that the purposes of EFU zones are to meet the intent of Statewide Planning Goal 3 * * * and the regulations of ORS 215[.]" In addition, § 01.090(1) provides that "when a requirement of this ordinance is less restrictive than * * * a provision of state law," the more restrictive provision shall govern. Therefore, the proposed subdivision would violate the county's land use regulations. The trial court should have dismissed Cherry Lane's petition.

Reversed and remanded with instructions to quash the writ of mandamus.

---

[3] An EFU zone is designed to preserve the limited amount of agricultural land to the maximum extent possible. It constitutes a substantial limitation on other uses of rural land. See ORS 215.243; Jackson County Development Ordinance § 218.020. In order to achieve this purpose, the legislature has imposed substantial restrictions on the construction of non-farm dwellings in EFU zones. See ORS 215.213(3); ORS 215.283(3). The clear intent is that non-farm dwellings be the exception and that approval for them be difficult to obtain. The requirement in ORS 215.263(4), that the county approve the dwelling before it may approve dividing the land on which the dwelling will stand, is designed to focus the county's attention on whether there is a need for the specific dwelling in question. The requirement thus allows the county to act without the pressure to approve the dwelling which the existence of a previously created parcel would produce. Cherry Lane's proposal for a nine-parcel subdivision, made without any prior attempt to show that non-farm dwellings on any of the parcels would meet the appropriate criteria, is precisely what the legislature intended to forbid. Only after the county is convinced that a particular proposed non-farm dwelling would be proper may it approve a partition of EFU land to accommodate the dwelling. That conviction did not exist here.