Argued and submitted January 30, affirmed March 11, 1987

SIMON et ux,
*Appellants,*

*v.*

BOARD OF COUNTY COMMISSIONERS
OF MARION COUNTY,
*Respondents.*

(86-C-10654; CA A39976)

733 P2d 901

Robert L. Engle, Woodburn, argued the cause for appellants. With him on the brief was Eichsteadt, Bolland, Engle, Schmidtman & Rohrer, Woodburn.

Janet S. McCoy, Assistant Legal Counsel, Salem, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiffs sought a writ of mandamus to compel defendant (county) to approve their application for a permit to partition their land. The trial court dismissed the petition after concluding that plaintiffs filed it before the end of the 120-day period within which county had to take final action. The sole issue on appeal is on what date an application submitted to a county planning commission for a permit to develop land is "deemed complete."

ORS 215.428 provides:

"(1)   Except as provided in subsections (3) and (4) of this section, the governing body of a county or its designate shall take final action on an application for a permit or zone change, including resolution of all appeals under ORS 215.422, within 120 days after the application is deemed complete.

"(2)   If an application for a permit or zone change is incomplete, the governing body or its designate shall notify the applicant of exactly what information is missing within 30 days of receipt of the application and allow the applicant to submit the missing information. The application shall be deemed complete for the purpose of subsection (1) of this section upon receipt by the governing body or its designate of the missing information. If the applicant refuses to submit the missing information, the application shall be deemed complete for the purpose of subsection (1) of this section on the 31st day after the governing body first received the application.

"(3)   If the application was complete when first submitted or the applicant submits the requested additional information within 180 days of the date the application was first submitted and the county has a comprehensive plan and land use regulations acknowledged under ORS 197.251, approval or denial of the application shall be based upon the standards and criteria that were applicable at the time the application was first submitted.

"* * * * *

"(7)   If the governing body of the county or its designate does not take final action on an application for a permit or zone change within 120 days after the application is deemed complete, the applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the

approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the county comprehensive plan or land use regulations as defined in ORS 197.015."

Plaintiffs filed their application on November 14, 1985. They never were notified that their application was incomplete. On March 27, 1986, 133 days later, plaintiffs petitioned for a writ of mandamus. They contend that, because they were not notified that their application was incomplete within 30 days of filing, it was "deemed complete" for the purpose of subsection (7) on the date of filing. Thus, the 120-day period ended on March 14, 1986, 13 days before they petitioned the trial court for a writ of mandamus.

County contends that an application is "deemed complete" when the county affirmatively determines that it is complete or, if the applicant is not notified within 30 days that the application is incomplete, then 30 days after the application is filed. Plaintiffs' application was affirmatively determined to be complete on December 17, 33 days after it was filed. County's position is that it was deemed complete on December 14, 30 days after it was filed and only 103 days before plaintiffs petitioned for a writ of mandamus.

■ We agree with the trial court that the county has 30 days after an application is filed within which to notify the applicant that more information is required, independently of the time it then has to take final action. If the legislature had intended to give the county only 120 days from the date of filing to process the application, it could have said so.[1] Accordingly, we hold that, if the county does not notify an applicant within 30 days that the application is incomplete, the application is deemed complete 30 days after it is filed, whether or not it is, in fact, complete. *See Cherry Lane, Inc. v. Board of County Comm.,* 84 Or App 196, 733 P2d 488 (1987). If the county does notify the applicant that more information is needed, the applicant has 180 days from the filing date within which to supply the requested information, and the application will be deemed complete on the date that the additional information is submitted.

---

[1] We have reviewed the statute's legislative history cited to us by the parties and conclude that it is not helpful with respect to the disposition of this case.

■ Under this interpretation, plaintiffs' petition was deemed complete on December 14, 1985. Because they petitioned for a writ of mandamus before the expiration of 120 days from that date, the trial court properly concluded that the petition was filed prematurely and properly dismissed the writ.

Affirmed.