ARMSTRONG, P.J.
*539 In this land use case, petitioner Seabreeze Associates Limited Partnership seeks review of a Land Use Board of Appeals (LUBA) order that reversed Tillamook County's decision to approve Seabreeze's application for preliminary subdivision plat approval for its property. LUBA determined that Seabreeze's application was void under ORS 215.427(4) because Seabreeze did not take one of the listed actions in that subsection within 180 days of the date that Seabreeze first submitted its application. On review, Seabreeze argues that LUBA erred in its understanding of ORS 215.427. Seabreeze contends that, because the county did not give Seabreeze notice within 30 days of the county's receipt of Seabreeze's application that information was missing from the application, as required by ORS 215.427(2), Seabreeze's application must be "deemed complete" 30 days after the date that Seabreeze submitted it, and, thus, ORS 215.427(4) has no bearing on the case. We review LUBA's order to determine if it is "unlawful in substance," ORS 197.850 (9)(a), and, because we conclude that Seabreeze's application was void under ORS 215.427(4), we affirm.
Before turning to the facts in this case, we first briefly describe the provisions in ORS 215.427 that bear on the case.[1] Under subsection *414 (1) of that statute, a county has 150 days from the date that an application is "deemed *540 complete" to take final action on the application. That timing is important because, after the 150 days elapse, an applicant can bring a mandamus proceeding against the county to compel it to approve the application. See ORS 215.429.
Under subsection (2), the county is to provide notice to the applicant of any missing information in an incomplete application within 30 days of the date that the county receives the application. Also under that subsection, an application is "deemed complete" for purposes of subsection (1) when the county receives the missing information, it receives some of the missing information and written notice that no other information will be provided, or it receives written notice that none of the missing information will be provided. ORS 215.427(2).
Finally, under subsection (4), the application is void on the 181st day after being first submitted to the county if the applicant has been notified of missing information "as required under subsection (2)" and has not done one of the following: provided the missing information, provided some of the missing information and written notice that no other information will be provided, or provided written notice that none of the missing information will be provided. ORS 215.427(4).
With that statutory background in place, we turn to the facts pertinent to our review, which are undisputed. On July 15, 2015, Seabreeze submitted to the county a one-page form requesting to subdivide its property into nine *541 lots. The one-page form did not include any information or maps from which the county could have determined what the proposed subdivision was. On August 18, 2015, thirty-four days after Seabreeze submitted the one-page form, the county sent Seabreeze a letter advising it that its application was incomplete and setting out several sections from the county's ordinances with which Seabreeze would need to comply to have a complete application.[2] Seabreeze responded that it intended to provide the missing information that the county had identified in its letter. The county later advised Seabreeze, in error, that the 180-day deadline to provide the missing information was January 16, 2016. In fact, the last date for Seabreeze to submit the missing information and avoid the voiding provision in ORS 215.427(4) was January 11, 2016.
On January 5, 2016, Seabreeze's attorney requested that the county "deem complete" Seabreeze's application. However, later that same day, Seabreeze's representative requested information from the county so that the representative could start sending the county the information that was missing from the application. On January 8, 2016, Seabreeze's representative told the county that the attorney's request was in error and that Seabreeze intended to supply the missing information for its application, and specifically requested that the county not deem the application complete until it provided that information. Seabreeze provided additional documents and information to the county on January 14 and 15, 2016, and requested that the application be deemed complete on January 15, 2016. The county responded that the application was deemed complete as of January 15. The county later approved Seabreeze's proposed subdivision of its property. Respondent Bora Architects, Inc., and respondents Charles and Elizabeth Allgood petitioned LUBA to review the county's decision.
As relevant to our review, LUBA determined that Seabreeze had first submitted its application on July 15, *542 2015, and, thus, the 181st day from the submission date was January 12, 2016. Because Seabreeze did not take any of the actions listed in ORS 215.427(4) before January 12, 2016, LUBA determined that Seabreeze's application was void under that statute as of that date. LUBA reasoned that, when the county approved Seabreeze's void application, it either " 'exceeded its jurisdiction,' or violated ORS 215.427(4) and adopted a decision that is *415 'prohibited as a matter of law.' " (Quoting OAR 661-010-0071(1)(a) and (c).) Accordingly, LUBA reversed the county's decision.
On review, Seabreeze argues that LUBA legally erred in its application of ORS 215.427. Seabreeze asserts that, because the county failed to give Seabreeze notice of the information missing from Seabreeze's application within 30 days of the county's receipt of the application, as specified in ORS 215.427(2), the application was necessarily "deemed complete" as of the 30th day after it was submitted-that is, on August 14, 2015. In so arguing, Seabreeze principally relies on our decision in Simon v. Board of Co. Comm. of Marion Co. , 84 Or.App. 311, 314, 733 P.2d 901 (1987), in which we held that, "if [a] county does not notify an applicant within 30 days that the application is incomplete, the application is deemed complete 30 days after it is filed, whether or not it is, in fact, complete." According to Seabreeze, because its application was necessarily "deemed complete" as of August 14, 2015, the voiding provision in subsection (4) did not apply.
We begin by rejecting Seabreeze's reliance on Simon . In Simon , a mandamus action, the sole issue on appeal was the date on which the applicant's application was "deemed complete" for purposes of filing a mandamus action when the county had not given the applicant a notice that its application was incomplete. 84 Or.App. at 313, 733 P.2d 901. The plaintiff argued that the application should be deemed complete as of the date that the plaintiff submitted it. We held, however, that the statute gave the county 30 days to review an application independently of the time that the statute gave the county to act on the application after it is deemed complete. Thus, we agreed with the county that an application that is complete when submitted is "deemed complete" on the 30th day after its submission. Id. at 314, 733 P.2d 901.
*543 At the time of that case, the applicable statute was former ORS 215.428 (1987), repealed by Or. Laws 1999, chapter 393, section 2-the predecessor statute to ORS 215.427. However, former ORS 215.428 (1987) did not contain a provision similar to ORS 215.427(4), which is the subsection principally at issue in this case, and contained substantially different language in subsection (2) from the language now found in ORS 215.427(2).[3] Accordingly, because both the statute and the issue before us are substantively different in Simon from those that we must address in this case, that case does not assist us in our task of construing ORS 215.427(4), and we do not address it further. Cf. Robinson v. Nabisco, Inc. , 331 Or. 178, 184, 11 P.3d 1286 (2000) (statutory context includes "prior case law from this court that interprets the same statutory wording " (emphasis added) ).
Turning to the text and context of ORS 215.427, we note that the statute contains two deadlines that serve different purposes. The first deadline is in subsection (1) and provides the time within which a county must act on an application after it is "deemed complete"-here, 150 days. If the county fails to act within that time, the applicant can bring a mandamus action against the county. Thus, for purposes of that deadline, the important date is the date on which the application is "deemed complete," because the timeline for the county to act begins to run from that date. For purposes of subsection (1), subsection (2) sets out when an application is to be "deemed complete."
The second deadline is in subsection (4) and provides the time within which an applicant must act after receiving notice that its application is missing information-which is 180 days from the date that the application was submitted. If the applicant fails to act within that time, then *544 the application becomes void on the 181st day. For purposes of that deadline, the important date is the date *416 on which the application is first submitted, because the timeline for the applicant to act begins to run from that date. The date that the county gives notice of missing information does not affect, or inform, the deadline date for the applicant to act for purposes of subsection (4).
Seabreeze argues, however, that the 30-day deadline in subsection (2) for the county to give notice of missing information does inform the deadline in subsection (4) because, in Seabreeze's view, if the county does not give notice of missing information within 30 days, then the applicant's obligation to act under subsection (4) can never be triggered. We disagree.
Subsection (4) provides in full:
"(4) On the 181st day after first being submitted, the application is void if the applicant has been notified of the missing information as required under subsection (2) of this section and has not submitted:
"(a) All of the missing information;
"(b) Some of the missing information and written notice that no other information will be provided; or
"(c) Written notice that none of the missing information will be provided."
ORS 214.427(4). That subsection is triggered when "the applicant has been notified of the missing information as required under subsection (2)." That reference to subsection (2) is a reference to the county's obligation to give written notice of exactly what information is missing. And, once notified, the applicant must take one of the listed actions to avoid the voiding provision in subsection (4). The failure of the county to notify the applicant within 30 days of an incomplete application does not negate the applicant's affirmative obligation to take one of the listed actions once notice has been given. A county's failure to timely notify an applicant could bear on when the applicant can file a mandamus action, which deadline depends on the date that an application is deemed complete, but it does not affect the deadline in ORS 215.427(4), which always begins to run from the *545 date that the application is submitted regardless of action or inaction on the part of the county. That is, the failure of the county to provide timely notice of incomplete information does not affect the deadline in subsection (4), nor does it affect the ability of the applicant to take a listed action to avoid the effect of the voiding provision.
In sum, we reject Seabreeze's contention that a county's failure to give notice of missing information within the 30-day time limit specified in subsection (2) of the statute has the same effect under subsection (4) as it does under subsection (1). The purpose of subsection (1) is to establish a fixed time limit for a county to act on an application, after which, if the county fails to act, the applicant can bring a mandamus proceeding in circuit court to compel the county to approve the application. For that to work, an application has to be deemed complete on the 30th day after its submission, if no notice of missing information is given, because, otherwise, there would not be a starting point from which to measure the 150-day time limit specified in subsection (1). Subsection (2) reflects that focus by identifying the circumstances in which an applicant's response to a notice of missing information will cause an application to "be deemed complete for the purpose of subsection (1) ." ORS 215.427(2) (emphasis added).
In contrast, there is no need for an application to be "deemed complete" for the purpose of subsection (4), because the 180-day time limit specified in subsection (4) for an applicant to complete an application to prevent it from becoming void is measured from the date on which an application is first submitted. The legislature intended counties to comply with the 30-day time limit specified in subsection (2) to give applicants notice of missing information, but we do not believe that the legislature intended a county's failure to meet that deadline to have the same effect under subsection (4) as it does under subsection (1).
Because Seabreeze was notified of the information missing from its application "as required by subsection (2)," Seabreeze had to act as provided in ORS 215.427(4) before the 181st day after it first submitted its application. Seabreeze did not do that, and, accordingly, its application was void *546 under that statute as of January 12, 2016, and the county *417 could not approve it. We therefore affirm LUBA's order.
Affirmed.

ORS 215.427 provides, in part:
"(1) * * * The governing body of a county or its designee shall take final action on all other applications for a permit, limited land use decision or zone change, including resolution of all appeals under ORS 215.422, within 150 days after the application is deemed complete, except as provided in subsections (3), (5) and (10) of this section.
"(2) If an application for a permit, limited land use decision or zone change is incomplete, the governing body or its designee shall notify the applicant in writing of exactly what information is missing within 30 days of receipt of the application and allow the applicant to submit the missing information. The application shall be deemed complete for the purpose of subsection (1) of this section and ORS 197.311 upon receipt by the governing body or its designee of:
"(a) All of the missing information;
"(b) Some of the missing information and written notice from the applicant that no other information will be provided; or
"(c) Written notice from the applicant that none of the missing information will be provided.
"(3)(a) If the application was complete when first submitted or the applicant submits additional information, as described in subsection (2) of this section, within 180 days of the date the application was first submitted and the county has a comprehensive plan and land use regulations acknowledged under ORS 197.251, approval or denial of the application shall be based upon the standards and criteria that were applicable at the time the application was first submitted.
" * * * * *
"(4) On the 181st day after first being submitted, the application is void if the applicant has been notified of the missing information as required under subsection (2) of this section and has not submitted:
"(a) All of the missing information;
"(b) Some of the missing information and written notice that no other information will be provided; or
"(c) Written notice that none of the missing information will be provided."

Both the county and Seabreeze were proceeding as though Seabreeze's application was submitted on July 20, 2015, which was the date that Seabreeze paid its filing fee. Seabreeze does not challenge on review LUBA's determination that, for purposes of ORS 215.427, Seabreeze's application was first submitted and received by the county on July 15, 2015.

Former ORS 215.428(2) (1987) provided:
"If an application for a permit or zone change is incomplete, the governing body or its designate shall notify the applicant of exactly what information is missing within 30 days of receipt of the application and allow the applicant to submit the missing information. The application shall be deemed complete for the purpose of subsection (1) of this section upon receipt by the governing body or its designate of the missing information. If the applicant refuses to submit the missing information, the application shall be deemed complete for the purpose of subsection (1) of this section on the 31st day after the governing body first received the application."